STATE v. REBECCA PARTLOW.

*Act of Assembly, void for ambiguity, and cannot be helped by evidence aliunde—Liquor selling—Witness.*

1. If a statute be so vague in its terms as to convey no definite meaning to the court or a ministerial officer, it is void.

2. An act of assembly prohibited the sale of liquor "within three miles of Mt. Zion church in Gaston county," and it appeared on trial of an indictment for its violation that there were two churches of that name in the county; *Held*, the act is ambiguous and inoperative.

3. Neither a member of the legislature at the time of the passage of such act, nor other person is competent to testify as to which church it has reference. It is the act of the legislature as an organized body, and its meaning must be ascertained according to the established rules of construction.

(*State* v. *Boon*, Tay., 103; *Drake* v. *Drake*, 4 Dev., 110; *Adams* v. *Turrentine*, 8 Ired., 147; *State* v. *Melton*, Busb., 49; *Blue* v. *McDuffie, Ib.*, 131, cited and approved).

STATE *v.* PARTLOW.

INDICTMENT for selling liquor tried at Spring Term, 1884, of GASTON Superior Court, before *MacRae, J.*

. The defendant is indicted for selling one quart of spirituous liquor to one Rutherford within three miles of Mount Zion church, in the county of Gaston, in violation of the act of 1881, ch. 234.

It was in evidence that the liquor was sold as alleged; and that there were two churches, (about fifteen miles apart) each called " Mount Zion church," in said county—one for the white people, and the other for the colored people. And there was nothing in the statute indicating to which of these two churches the name applied or had reference.

With a view to apply the statute, the state introduced a witness who was a senator in the general assembly at the time the act in question was passed, and the court allowed him to testify, after objection, that it was intended to apply to the church mentioned by himself and the other witnesses, and this he knew, because the provision of the act in respect to Mount Zion church was inserted upon his motion, made in response to petitions praying for the prohibition of the sale of spirituous liquor within three miles of Mount Zion colored church, signed by colored people whom he knew. The defendant excepted, and further insisted that the statute was ambiguous and therefore void.

Verdict of guilty; judgment; appeal by the defendant.

*Attorney-General,* for the State.
*Messrs. Hoke & Hoke,* for defendant.

MERRIMON, J. The act of 1881, ch. 234, prohibits the sale of spirituous liquors within designated distances from many churches and other places named therein. So much of it as is material to this case provides, " that the sale of spirituous liquors shall be prohibited within three miles of \* \* \* Mount Zion church in Gaston county."

It appeared on the trial that there were two churches bearing the name "Mt. Zion" in Gaston county, and there is nothing in the statute indicating to which of them it applies.

It is plainly the duty of the court to so construe a statute, ambiguous in its meaning, as to give effect to the legislative intent, if this be practicable. Its meaning in respect to what it has reference and the objects it embraces, as well as in other respects, is to be ascertained by appropriate means and *indicia*, such as the purposes appearing from the statute taken as a whole, the phraseology, the words ordinary or technical, the law as it prevailed before the statute, the mischief to be remedied, the remedy, the end to be accomplished, statutes *in pari materia*, the preamble, the title, and other like means. But the maening must be ascertained from the statute itself, and the means and signs to which, as appears upon its face, it has reference. It cannot be proved by a member of the legislature or other person, whether interested in its enactment or not. A statute is an act of the legislature as an organized body. It expresses the collective will of that body, and no single member of it, or all the members as individuals, can be heard to say what the meaning of the statute is. It must speak for and be construed by itself, by the means and signs indicated above. Otherwise, each individual might attribute to it a different meaning, and thus the legislative will and meaning be lost sight of. Whatever may be the views and purposes of those who procure the enactment of a statute, the legislature contemplates that its intention shall be ascertained from its words as embodied in it. And courts are not at liberty to accept the understanding of any individual as to the legislative intent. *State* v. *Boon,* Taylor's Rep., 103; *Drake* v. *Drake,* 4 Dev., 110; *Adams* v. *Turrentine,* 8 Ired., 147; *State* v. *Melton,* Busb., 49; *Blue* v. *McDuffie, Ib.,* 131; Potter's Dwarris on Statutes, 179, *et seq.*

STATE *v.* PARTLOW.

But a statute must be capable of construction and interpretation; otherwise it will be inoperative and void. The court must use every authorized means to ascertain and give it an intelligible meaning; but if after such effort it is found to be impossible to solve the doubt and dispel the obscurity, if no judicial certainty can be settled upon as to the meaning, the court is not at liberty to supply, to make one. The court may not allow "conjectural interpretation to usurp the place of judicial exposition." There must be a competent and efficient expression of the legislative will. In *Drake* v. *D-ake, supra,* Chief Justice RUFFIN said : "Whether a statute be a public or private one, if the terms in which it is couched be so vague as to convey no definite meaning to those whose duty it is to execute it, either ministerially or judicially, it is necessarily inoperative. The law must remain as it was, unless that which professes to change it be itself intelligible."

When the statute intends to refer to and embrace within its provisions one or more of a multitude of things of the same kind, or one or more persons of many of the same name, it must do so in some way or manner, in terms, or by reasonable inplication, or appropriate descriptive words, to designate what things or persons are intended by it. Else, how can the court or a ministerial officer decide what things or persons are meant? A member of the legislature might say one thing or person was meant ; another might say another thing or person was meant; a third might say yet another thing or person was meant; and thus the legislative will might entirely fail. The statute must speak. The legislative expression of its purpose and will must prevail ; and if this does not appear with such a degree of certainty as that the court can learn what it is, the statute cannot operate.

Now the clause of the statute before us simply refers to "Mount Zion church in Gaston county," and there are two

churches of that name in that county. There is nothing in the statute that in the remotest degree indicates to which of the two it refers. There are no means or signs of any kind appearing in it, in terms, by implication, by reference, or by any possible construction, that go to point to one of the two churches any more than to the other. It must, therefore, be as inoperative as if there was no church, or fifty churches of the same name in that county.

The testimony of the witness, who was a senator at the time the statute was enacted, was wholly incompetent for the reasons already stated.

We are constrained to declare that the clause of the statute under consideration is, because of its ambiguity, inoperative and void.

There is error, for which the judgment of the superior court must be reversed, and further proceedings had according to law. Let this be certified.

Error. Reversed.