THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
CHARLES M. BRIGGS, Appellant.

1. PENAL STATUTE STRICTLY CONSTRUED. In construing a penal stat-
ute the court will not go beyond the clear meaning and purpose or
attempt to spell out a new offense not clearly indicated by the ordinary
use of the words employed.

2. PENAL STATUTE, IF UNCERTAIN, WILL BE HELD VOID. If a penal
statute is doubtful or uncertain, or is such as to be impossible to comply
with, it will be held to be of no force or effect.

3. LAWS OF 1904, CHAP. 566, § 22, INVALID IN PART. So much of
section 22 of chapter 566 of the Laws of 1904, before amendment, as
rendered it unlawful to sell milk as certified milk unless "conspicu-
ously marked with the name of the association certifying it" is invalid.

*People* v. *Briggs*, 121 App. Div. 927, reversed.

(Argued November 23, 1908; decided December 1, 1908.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
October 7, 1907, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*W. C. Carroll* and *L. L. Lewis, Jr.*, for appellant. The
court erred in construing the statute and in interpolating the
words therein and directing a verdict against defendant. (L.
1893, ch. 338, § 37; *State* v. *Powers*, 36 Conn. 77; *U. P. R.
Co.* v. *U. S.*, 36 Fed. Rep. 287; *Matter of Schooner Enter-
prise*, 1 Paine, 32; *Todd* v. *U. S.*, 158 U. S. 278; *Chase* v.
*N. Y. C. R. R. Co.*, 26 N. Y. 525; *Manhattan Co.* v. *Kal-
denberg*, 165 N. Y. 7; *Rea* v. *Davis*, L. R. [I C. C.] 272;
*Ex parte Nat. Mercantile Bank*, L. R. [15 Ch. Div.] 42;
*Broadhead* v. *Holdsworth*, L. R. [2 Ex. Div.] 321; *Coe* v.
*Lawrence*, 1 El. & Bl. 516.)

*William S. Jackson, Attorney-General* (*Thomas C. Burke*
of counsel), for respondent. The statute requires certified milk

to be marked with the name of the person certifying it. It was, therefore, necessary for the defendant to mark milk which he sold as and for certified milk with the name of the person who certified it. (L. 1893, ch. 338, § 22.)

Haight, J. This action was brought to recover penalties for alleged violations of the Agricultural Law. The facts established by the verdict are to the effect that the defendant, Charles M. Briggs, was a milk producer, having a dairy farm at Elma, Erie county, N. Y., on which he kept cows for the production of milk. The milk was put into quart glass bottles, on which were blown the words " Certified milk, C. M. Briggs, Elma, N. Y.," and upon the stopper to the bottles the same words were printed. The milk was shipped to two milk dealers or grocers in Buffalo and was sold by them as and for certified milk. The milk in question was not certified by any association, but the milk was examined from time to time by Dr. Albert H. Briggs, a reputable and experienced physician practicing in the city of Buffalo, who did certify that the milk conformed to the requirements of the statute, but his certificate was not marked upon the bottles sold.

The trial court charged the jury in substance that if it found that the defendant was the person who conducted the dairy farm and produced the milk and that he sold it as certified milk without having the bottles in which the milk was inclosed *conspicuously marked* either by the physician making the examination or with the name of the association certifying it, he was liable under the statute. An exception was taken to this charge. The jury rendered a verdict for the People and assessed the amount of the penalty at one hundred dollars.

The Agricultural Law, as amended by chapter 566 of the Laws of 1904, then in force, provided as follows: " § 22. * * * No person shall sell or exchange, or offer or expose for sale or exchange, as and for certified milk, any milk which has not been duly examined by a competent person to make such examination and which has not been found upon such

examination to be free from antiseptics, added preservatives, and pathogenic bacteria, or bacteria in excessive numbers. All milk sold as certified milk shall be conspicuously marked with the name of the association certifying it." It will be observed that the defendant had complied with the requirements of the statute in so far as having his milk examined by a competent person who was a reputable and experienced physician practicing his profession in the city in which the milk was sold. The only default on the part of the defendant was, therefore, in not having the bottles in which the milk was sold " *conspicuously marked* with the name of the association certifying it." What is meant by the term " association ?" Did the legislature intend by its use to refer to an association of milk dealers ? Evidently not, for the purpose of the entire statute is to place restrictions upon the sale, by dealers, of milk that does not conform to its requirements. Did the legislature intend to refer to some association of doctors, lawyers or ministers ? If so, to which ? Is it a self-constituted, voluntary association, and if so, who are the persons composing it ? It is quite possible that the legislature had in mind some sort of a medical association, but unfortunately it has failed to designate any particular association or individuals composing it, to whom the milk dealer could apply for the certification of his milk. This is a penal statute and a violator is not only liable for penalties but is also liable to be convicted for a misdemeanor, under which he may be punished by both fine and imprisonment. In construing penal statutes it is not our practice to go beyond the clear meaning and purpose of the statute and we should not attempt to spell out the creation of a new offense which is not clearly indicated by the ordinary meaning of the words used. (*Jones* v. *Estis*, 2 Johns. 379.) If a statute is doubtful and uncertain, or is such as to make it difficult or impossible to comply with its provisions it will be held to be of no force and effect. Subsequently, the legislature discovered the defect in this statute and by chapter 241 of the Laws of 1907 it amended the same, expressly providing that the milk shall conform to the regulations prescribed by

and bear the certification of a milk commission appointed by a county medical society of the state. We, therefore, by this amendment have a commission specifically designated by which the certificate is to be made, but this amendment was subsequent to the offense charged against the defendant, and inasmuch as there was then no such commission referred to in the statute to whom he could apply for certification, we conclude that this provision of the statute was without force and effect.

The judgment should, therefore, be reversed, and inasmuch as the meaning of the statute cannot be changed upon a new trial, the complaint should be dismissed, with costs in all courts.

Cullen, Ch. J., Gray, Edward T. Bartlett, Werner, Hiscock and Chase, JJ., concur.

Jugment reversed, etc.