ORINOCO SUPPLY COMPANY ET AL. v. MASONIC AND EASTERN
STAR HOME ET AL.

(Filed 12 November, 1913.)

1. Liens—Material Men—Filing of Claims—Balance Due Upon Con-
   tract—Contract Abandoned—Completion by Owner.

   It is necessary, to enforce a lien on a building for materials
   furnished the contractor, that he file with the owner an itemized
   statement of the amounts due for materials, or the material man
   give notice to the owner of the amount due him before the owner
   settled with the contractor, and then only to the extent of the
   amount then due; and when this required notice has not been

163—33

given before the last payment has been made to the contractor, who fails to complete the building, and the owner in completing the building has paid out the balance of the contract price, no lien attaches. Revisal, secs. 2019, 2020, 2021.

2. **Interpretation of Statutes—Proviso—Purview.**

When a proviso in a statute is directly contrary to the purview of the statute, the proviso is good and not the purview, because the proviso speaks the later intention of the Legislature.

3. **Interpretation of Statutes — Restrictive Laws — Strict Construction.**

Chapter 761, Laws 1911, relative to a lien law applicable to Durham, Rowan, Guilford, and Randolph counties, is local in its nature, and contrary to the general lien laws of the State, and must be strictly construed.

4. **Interpretation of Statutes—Liens—Material Men—Proviso—Contradictory Terms.**

Chapter 761, Laws 1911, enacting a lien law for materials furnished for a building, etc., applying by section 5 only to Durham, Rowan, Guilford, and Randolph counties, provides that it shall not be enforced in Union or Stanly counties, with a further proviso that where materials are furnished by any person, etc., outside of Union County, "this act shall not apply in the collection of said debt, but the law as it now stands on the statute-books shall apply": *Held*, that the act is contradictory, self-destructive, and void.

APPEAL by defendant from *Shaw, J.;* at October Term, 1913, of GUILFORD.

Civil action heard upon exceptions to report of referee. His Honor overruled all the exceptions of the defendant, confirmed the report of the referee, and rendered judgment against the defendant, the Masonic and Eastern Star Home, incorporated, from which it appealed.

*L. M. Swink, Hastings & Whicker, Manly, Hendren & Womble for plaintiff.*

*Charles A. Hines for the Wharton Builders Supply Company, one of the appellees.*

*W. F. Harding for defendant.*

BROWN, J. This is an action brought by the plaintiffs to subject the property of the defendant to a lien for material fur-

nished to the Ange Construction Company, a contractor that had undertaken to erect under contract a building upon said defendants' lot in Guilford County.

The contractor failed to complete the building and was adjudicated a bankrupt. The owner completed it and expended more than the contract price, and at the date of the adjudication in bankruptcy, the owner owed the contractor nothing.

None of the creditors, parties in this cause, filed any notice of their claims with the owner prior to the adjudication of the contractor in bankruptcy, except the Orinoco Supply Company, who gave notice of their claim on 16 April, 1912; but this notice was given after the last payment to the contractor by the owner on 8 April, 1912, and at the time the notices were filed nothing was owing to the contractor by the owner.

Under the general lien law of this State, Revisal 1905, secs. 2019, 2020, 2021, material men have no lien for materials furnished the contractor unless the contractor files with the owner an itemized statement of amounts due for material, or the material man gives notice to the owner of the amount due him before the owner makes settlement with the contractor, and then only as to such amount as may be due the contractor from the owner on its contract.

No notice having been given either by the contractor or by the material man before the payments were made by the owner to the contractor, and there being no funds in the hands of the owner due the contractor on his contract at the time notice of claims were given, such claims cannot, under the general statute, be a lien on the property of the owner. 27 Cyc., 102; *Clark. v. Edwards,* 119 N. C., 115.

But the plaintiffs contend that the act of 1911, chapter 761, Public-Local Laws, gives them a lien on defendant's property, irrespective of notice to the owner, and without regard to his indebtedness to the contractor.

The special statute provides that the owner shall require the contractor to furnish him, before paying any part of the contract price, an itemized statement duly verified, of the amount owing any person for materials furnished, and that the owner

shall pay such amount shown by the statement to the person furnishing materials. The statute further provides that in the event of failure of the owner to require the itemized statement duly verified, that such failure shall not in any way affect the rights of the laborer or material man to file and enforce his lien.

It is contended by the defendant that such special statute is void for ambiguity as well as in violation of the Federal and State constitutions.

Section 5 of the special statute provides that "This act shall apply only to Durham, Rowan, Guilford, and Randolph counties: *Provided*, this act shall not apply nor shall it be enforced in Union and Stanly counties: *Provided further*, that where material is furnished by any person, firm, or a corporation outside of Union County, the provisions of this act shall not apply in the collection of said debt, but the law as now on the statute-books shall apply."

This special statute, entirely local in its nature, is in abrogation of the general lien law of the State, and undertakes to confer on the furnishers of building material in four counties privileges, legal rights, and advantages not common to the citizens of other counties in the State.

Its constitutionality is doubtful. But we are not called upon to pass upon it, as we think the act is self-destructive and void on its face. Being in abrogation of the general law, it should be strictly construed. 27 Cyc., 20.

It has long been held that if a proviso in a statute be directly contrary to the purview of the statute, the proviso is good and not the purview, because the proviso speaks the later intention of the Legislature. 1 Kent Com., 430; Potter's Dwarris, p. 118; Bacon Abr., title "Statute." It was held by all the Barons of the Exchequer in the case of *Attorney-General v. The Governor and Company of the Chelsea Waterworks,* 9 B. and C., 835, that where the proviso of an act of Parliament was directly repugnant to the purview of it, the proviso should stand and be held a repeal of the purview, because, as was said, "it speaks the last intention of the lawgiver." It was compared to a will, in which the latter part, if inconsistent with the former, supersedes and revokes it.

Dwarris says, page 118: "It has been remarked upon this case in Fitzgibbon, that a proviso repugnant to the purview renders it equally nugatory and void as a repugnant saving clause; and it is difficult to see why the act should be destroyed by the one and not by the other; or why the proviso and the saving clause, when inconsistent with the body of the act, should be destroyed by the one and not by the other." See, also, *Rex v. Justices of Middlesex,* 2 B. and A., 818; *Townsend v. Brown,* 24 N. J., 86.

In *Farmers Bank v. Hail,* 59 N. Y., at page 59, the opinion says: "The saving clause is only an exception of a special thing out of the general things mentioned in the statute, and if repugnant to the purview, is void. The office of the proviso is more extensive; it is used to qualify or restrain the general provisions of an act, or to exclude any possible ground of interpretation, as extending to cases not intended by the Legislature to be brought within its purview, and if repugnant to the purview, it is not void, but stands as the last expression of the Legislature. As between conflicting provisions of the same statute, the last in order of arrangement will control." See, also, the following pertinent cases: *Hall v. Equator Mining and Smelting Co.,* Fed. Cases, No. 5931; *Quick v. White Water Township,* 7 Ind., 570; *Rhyne v. State,* 5 Neb., 276; *Ex Parte Hewlet,* 24 Nev., 333; 40 Pac., 96; *Packer v. Sunbury and E. R. Co.,* 19 Pa., 211; *Hightower, Lessee, v. Wells,* 14 Tenn., 249; *Savings Inst. v. Makin,* 23 Me., 360.

The statute under consideration declares on the one hand that it shall apply only to Durham, Guilford, and Randolph counties, and especially that it shall not apply nor be enforced in Union and Stanly counties, and on the other hand it provides where material is furnished by any persons, firm, or corporation outside of Union County the provisions of the act shall not apply in the collection of said debt, but that the law now on the statute-books shall apply. So it makes no difference whether in Union or out of Union, the statute is inapplicable to the facts in this case, and admits of no construction which can give any force or effect to it.

We are led to the conclusion that the special statute relied upon by the plaintiffs is contradictory, self-destructive, and void. Reversed.

WALKER and ALLEN, JJ., concurring in result.