J. F. MOORE ET ALS. v. COOPER MONUMENT COMPANY.

(Filed 1 April, 1914.)

1. **Injunction—Restraining Order—Act Committed—Appeal and Error.**

    The correctness of a ruling dissolving a restraining order will not be considered on appeal when it is made to appear that the act sought to be restrained has been committed.

2. **Injunction—Restraining Order—Trials—Final Judgment—Courts —Terms.**

    The sufficiency of the complaint will only be considered in determining the right to a restraining order, when the controversy is not before the court on its merits, and the action may not be dismissed by final judgment until the trial, and, except by consent of the parties, this must be in term of court of the county wherein the action is pending.

MOORE *v.* MONUMENT CO.

APPEAL by plaintiffs from order of *Rountree, J.,* given at chambers, 24 November, 1913.

This is an action commenced in the Superior Court of PENDER County to prevent the erection of a Confederate monument at the intersection of Fremont and Wright streets in Burgaw, upon the ground that it would be an obstruction in the streets.

The plaintiffs obtained a temporary order restraining the erection of the monument, which was returnable and was heard in Columbus County.

At the hearing the temporary order was dissolved, and the action dismissed, and the plaintiff excepted and appealed.

It is admitted that since the dissolution of the restraining order the monument has been erected.

*J. D. Bellamy and J. T. Bland for plaintiffs.*
*Robert Ruark, E. L. Larkins, Stevens & Beasley, John J. Best, and A. McL. Graham for defendants.*

PER CURIAM. As the monument has been erected, the Court will not entertain an appeal to determine the correctness of the ruling dissolving the restraining order. *Harrison v. New Bern,* 148 N. C., 315; *Pickler v. Board of Education,* 149 N. C., 221; *Wallace v. Wilkesboro,* 151 N. C., 614.

We think, however, there is error in dismissing the action and entering final judgment at the hearing in Columbus County.

The merits of the action were not before the court, and the sufficiency of the complaint could only be considered in determining the right to the restraining order.

The final judgment, except when hearings are elsewhere by consent, should be rendered in the county where the action is pending and in term. *Hamilton v. Icard,* 112 N. C., 589.

Modified and affirmed. The plaintiffs will pay the costs.