JAMES F. YATES ET AL. v. DIXIE FIRE INSURANCE COMPANY ET AL.

(Filed 30 May, 1914.)

**Injunction—Vacating Restraining Order—Appeal and Error—Acts Committed—Courts—Procedure.**

   Where a restraining order has been vacated and appealed from, and it appears, upon the hearing in the Supreme Court, that the act sought to be restrained has been practically done, it is only in rare and exceptional instances that the Court may satisfactorily and intelligently decide upon the matters presented, the practice being for the appellant to reserve his rights

by exceptions, regularly taken, at the trial, if necessary, and present them on appeal from the final judgment in the Superior Court.

APPEAL by plaintiffs from order of *Lane, J.*, vacating a restraining order, 27 March, 1914, at chambers in GUILFORD.

*John A. Barringer for plaintiffs.*
*Brooks, Sapp & Williams for defendants.*

CLARK, C. J. The plaintiffs complain that they are part owners of the soil of a certain alleyway through which the defendants have a right of way, but no property interest in the soil, and that said defendants, in derogation of the legal rights of the plaintiffs, have begun 10 feet above the said alley to build across and above said alley a permanent structure connecting the buildings on either side which belong to the defendants, and will thereby take from the plaintiffs their rights, as owners of the said soil, above ground.

The plaintiffs obtained a restraining order till 28 March, 1914, which was vacated, and from that order they have appealed. The work was far advanced when the restraining order was issued. An affidavit has been filed that since its dissolution the work has now been completed. Though this last is controverted, it is reasonable to suppose that at least the greater part of the work has now been done.

The appeal is from the vacation of the restraining order, and could only present the correctness of the judgment in refusing to continue the restraining order to the hearing. The defendants have proceeded at their peril, and whatever the rights of the parties are will be determined at the final hearing, when the issues of fact, if any are raised, can be determined by a jury and the rights of the parties and the remedy to be awarded can be determined by a final judgment. On an appeal from such judgment, if an appeal is taken, the matter will be adequately presented for consideration and determination by this Court. We cannot be sufficiently advised to pass intelligently upon the questions involved in such final determination by this appeal from the vacation of a restraining order which was asked to

restrain further construction of the building. The building had been partly constructed when the restraining order was issued, and must be now completed, or nearly so.

When a restraining order is granted, an appeal may bring up the questions essential to the final determination of the controversy. But when the restraining order is refused or vacated, and pending the appeal the work proceeds, it is rare that the Court can afford any remedy by considering whether the restraint should have been dissolved or not. In such cases the proper remedy is, except in rare instances, to try the case on its merits and, after a full determination of all the issues of fact and of law, to appeal from the final judgment.

Appeal dismissed.