PAUL H. KILPATRICK . v. J. R. HARVEY ET ALS.

(Filed 13 October, 1915.)

**1. Injunction—Appeal and Error—Act Committed—Appeal Dismissed.**

On appeal in an action to restrain the foreclosure of a mortgage, with power of sale, on the ground that the defendant induced the plaintiff to execute it when the latter was too intoxicated to have knowledge at the time of what he was doing, and it appears that the sale of the land was made pending the appeal after the restraining order had been dissolved and no stay bond given, the Supreme Court will dismiss the appeal, the act complained of having been committed and there being nothing upon which the injunction could operate.

**2. Injunction—Appeal and Error—Appeal Dismissed—Mortgage Sale—Pleadings—Lis Pendens—Cause Retained—Practice.**

Where a restraining order for the sale of land under mortgage has been dissolved, a sufficient complaint filed before the sale operates as *lis pendens* to the purchaser, and affects him with notice of the plaintiff's rights, as to which the cause will be retained.

APPEAL by plaintiff from *Connor, J.,* at March Term, 1915, of PITT. Appeal from an order dissolving a restraining order.

*Albion Dunn for plaintiff.*
*F. G. James & Son for defendants.*

PER CURIAM. The plaintiff sought to enjoin the sale of his property under a mortgage containing a power of sale and securing a note to the defendants in the sum of $1,200. The ground upon which the plaintiff sought to enjoin the sale was that he was intoxicated at the time of the execution of the mortgage, so much so that he had no knowledge of what he was doing, and that the defendants took advantage of his intoxicated and incapable condition to secure the execution of the instrument upon the part of the plaintiff. The judge below, when hearing the matter, dissolved the restraining order which had theretofore been issued. Thereupon the defendants executed the power of sale and the plaintiff's land was sold.

It is well settled that where the act sought to be enjoined has been committed, this Court will not direct the issuing of an injunction, for the reason that there is nothing for the injunction to operate upon. To illustrate: in *Harrison v. Bryan,* 148 N. C., 315, the plaintiff sought to enjoin the cutting down of a tree. The judge below dissolved the injunction; plaintiff appealed. Pending the appeal, the tree was cut down. It was manifest that the injunction would be abortive, and the Court would not do a vain thing.

Again, it is held in *Moore v. Monument Co.,* 166 N. C., 212, "That the correctness of a ruling dissolving a restraining order will not be con-

sidered on appeal when it is made to appear that the act sought to be restrained has already been committed."

For these reasons the appeal in this case must be dismissed. But this does not dismiss the action or affect its merits. It was stated upon the argument that the complaint in this case was filed before the sale, and that is evident, as the complaint must have been filed when the restraining order was dissolved. If so, it would constitute a *lis pendens*. If the plaintiff, as he claims, gave notice of his rights at the sale, the purchaser would be affected thereby, and, if necessary, the plaintiff could make the purchaser a party to this action. We will say in this connection that where the act sought to be enjoined is of such character that the commission of it will be irremediable, the injunction ought not to be dissolved unless in a very plain case. It is best that the *status quo* of the parties be preserved until their rights upon an appeal can be determined by this Court.

Upon the affidavits appearing in this record, the injunction might well have been continued until the final hearing.

Appeal dismissed.