SOUTHERN STATE BANK v. C. F. SUMNER AND WIFE, MINNIE SUMNER.

(Filed 3 December, 1924.)

**Husband and Wife—Dower—"Home Site"—Statutes — Injunction—Appeal and Error—Prejudice.**

Under the facts of this appeal it appears that a mortgage given by the husband was insufficient to pass the interest of the wife in his lands for insufficiency of her probate, and that the court below, upon her motion in the present case, dissolved a temporary order as to her inchoate right of dower, but continued it with respect to her husband's "home site," C. S., 4103, which had previously been included in another action to which she was not a party in the dower allotted to her mother-in-law. There was no evidence as to when her husband had acquired the title to . the land, or when he married the appellant. *Held,* the appellant had no just ground to complain of the action of the court below, and the consideration of C. S., 4103 is not involved on the appeal.

APPEAL by defendant, Minnie Sumner, from *Finley, J.,* at Chambers, 17 June, 1924, from HENDERSON.

Motion in this cause to enjoin execution of judgment in a special proceeding for partition in which the movant was not, and is not, a party.

From a judgment, dissolving the temporary restraining order issued in the cause, except as to the "home site" of defendant's husband, now in the possession of Mrs. L. A. Sumner as her dower, the defendant appeals.

*T. J. Rickman and Shipman & Justice for plaintiff.*
*D. L. English and O. K. Bennett for defendants.*

STACY, J. This appeal presents a novel question on a singular state of facts.

The present suit was instituted by the plaintiff in 1921, under C. S., 1743, to quiet its title to ⅞ undivided interest in certain lands and to remove the defendants' claims as clouds therefrom. Plaintiff acquired its interest in the lands by purchase at a foreclosure sale under a deed of trust executed by C. F. Sumner and wife, Minnie Sumner, but which was held to be invalid as to Minnie Sumner because her acknowledgment and privy examination were not taken as required by law, and the case was accordingly remanded for a new trial. 187 N. C., 762.

While this cause was pending, the plaintiff instituted a special proceeding before the clerk of the Superior Court for Henderson County to have the lands divided, but in which Minnie Sumner was not, and is not, a party. In the proceeding for partition, Mrs. L. A. Sumner,

mother-in-law of Minnie Sumner, was allotted her dower and Bettie Leverette her ⅛ interest in the lands. The home place was included in Mrs. L. A. Sumner's dower. This was affirmed on appeal. *Bank v. Leverette et al.,* 187 N. C., 743.

Minnie Sumner, thereupon, files a motion in this cause, to which she is a party, to enjoin the plaintiff from executing its writ of possession in the case of *Bank v. Leverette, supra,* to which she is not a party, until her inchoate right of dower can be ascertained and determined and her husband's "home site" set off and possession awarded to her under C. S., 4103. A temporary restraining order was granted, but dissolved upon the hearing so far as appellant's inchoate right of dower is concerned, and continued with respect to her husband's "home site" which was adjudged to be in the lands previously allotted to Mrs. L. A. Sumner as her dower. From this order, Minnie Sumner alone appeals.

The appellant has no just cause for complaint; she has received all, if not more, than she is entitled to on her motion.

There is no finding on the record as to when C. F. Sumner acquired title to the lands in question, nor when he was married. It is contended by the appellee that both events took place prior to the enactment of ch. 123, Public Laws, 1919, now C. S., 4103. Hence, plaintiff takes the position that the act has no application to the present case, citing by analogy, decisions holding that where a husband married and acquired lands prior to the dower act of 1867, such lands were not subject to dower, though sold by the husband without his wife's concurrence, after his marriage and after the passage of said act. *Jenkins v. Jenkins,* 82 N. C., 208. See, also, *Gladney v. Sydnor,* 172 Mo., 318, 60 L. R. A., 880.

The facts of the present record do not call for an interpretation of C. S., 4103, which is not altogether free from difficulty, and we refrain from a discussion of it. Its meaning is by no means clear. The value of the "home site" is not fixed by the statute. It is not certain as to whether it is intended to be in addition to, or included within, the homestead right. Nothing is said as to whether it is superior to the right of heirs or the claims of creditors. It has been suggested that the statute may apply, and probably was intended to apply, only as against those claiming under a deed from the husband without his wife's proper joinder. We leave its interpretation for future consideration.

The appellant has no valid cause to complain at the judgment entered below.

Affirmed.