GEORGE W. BOYD and His Wife, BETTIE BOYD, v. F. H. BROOKS
and His Wife, LELIA BROOKS.

(Filed 30 October, 1929.)

1. **Appeal and Error J k—Agreement to foreclosure is abandonment of appeal upon exceptions to decree therefor.**

Where the plaintiff seeks injunction against the sale of a certain part of the lands under foreclosure of a mortgage, and appeals from the refusal of the court to continue the temporary restraining order to the final hearing, and then agrees that the foreclosure sale should not be restrained as to this part, his agreement is in effect a withdrawal of his appeal in relation to such lands, and he may not successfully prosecute it further in the Supreme Court.

2. **Appeal and Error J a—An appeal from the dissolution of a temporary restraining order will not be considered when the act sought to be restrained has been done.**

An appeal involving only the validity of an order dissolving a temporary restraining order made upon a motion to show cause will not be considered on appeal to the Supreme Court when it appears that the act sought to be restrained has already been done.

3. **Home Site A a—Property constituting a "Home Site."**

Where a mortgagor of lands at the time of the execution of the mortgage is in possession of a certain part thereof on which, with the usual outbuildings, he lives with his family as a home, such land is a "home site" within the meaning of C. S., 4103, and held in this case that a 54.75 acres of farm land is not excessive for the purpose.

4. **Same—Rights of parties under foreclosure of mortgage on "home site" in which the wife did not join.**

Where the wife does not join in a mortgage made by her husband on the statutory "home site" in his lands, or have her privy examination taken as required by statute, the mortgagee takes subject to the provisions of C. S., 4103, and the purchaser at the foreclosure of such mortgage sale does not acquire under his deed the right to immediate title or possession to the land.

5. **Same—Deed to home site without joinder of wife is not void.**

C. S., 4103, limits the effect of the conveyance of a "home site" by a husband's deed or mortgage made without the privy examination of the wife, but does not make the conveyance void, and the effect of the statute is to postpone the title and the right· of possession of the "home site" under such deed until the death of the husband, when it then passes to the grantee subject only to the dower right of the wife if she survives him.

6. **Statutes A d—C. S., 4103 is not·so vague, contradictory, and incapable of construction as to be void.**

C. S., 4103, limiting the effect of a conveyance by the husband of the "home site" without the voluntary signature and assent of his wife signified by her private examination according to law, is valid, and does not

fall within the principle that a statute too vaguely worded to express a definite meaning, and which is not susceptible of interpretation by the courts, will be declared void.

STACY, C. J., dissenting.

APPEAL by both plaintiffs and defendants from order of *Grady, J.,* at Chambers in Goldsboro, N. C., on 10 April, 1929. Plaintiffs' appeal dismissed. Affirmed on defendants' appeal.

This is an action to enjoin defendants from selling under the power of sale contained in a mortgage executed by the plaintiff, Geo. W. Boyd, to the defendant, F. H. Brooks, two certain tracts of land situate in Johnston County, North Carolina. The plaintiff, Bettie Boyd, wife of the said Geo. W. Boyd, did not sign said mortgage. Both said tracts of land are conveyed by said mortgage to the said F. H. Brooks.

The notes secured by said mortgage were executed by the said Geo. W. Boyd and are payable to the defendants.

The consideration for said notes is part of the purchase money for one of said tracts of land. This tract of land was conveyed to the said Geo. W. Boyd by the defendants, and contains 330 acres. It is conceded that the mortgage was valid as a conveyance of said tract of land, at the date of its execution, notwithstanding Bettie Boyd, wife of the said Geo. W. Boyd, did not sign the same. C. S., 4101.

At and prior to the date of said mortgage, the plaintiffs, Geo. W. Boyd and his wife, Bettie Boyd, occupied the other tract of land conveyed by said mortgage as their home. This tract of land contains 54.75 acres, and is owned by the plaintiff, Geo. W. Boyd. The residence which was occupied by the plaintiffs at and prior to the date of said mortgage, together with other buildings used in connection therewith, is located on this tract of land. After the execution of said mortgage, the plaintiffs moved from said tract of land to the tract of land which the said Geo. W. Boyd had purchased from the defendants, and thereafter occupied the same as their home. The 54.75-acre tract had not been allotted to the said Geo. W. Boyd as his homestead, in accordance with the provisions of the Constitution of this State. Plaintiffs allege, however, that said tract of land, at the date of said mortgage, was the "home site" of the said Geo. W. Boyd, as defined in C. S., 4103.

Upon the allegations of their complaint, plaintiffs pray judgment not only that defendants be enjoined permanently from selling, under the power of sale contained therein, the lands described in the mortgage from Geo. W. Boyd to F. H. Brooks, but also that the notes described in said mortgage be declared void, and ordered canceled, and that plaintiffs have such other and further relief, both specific and general, as they may be entitled to. Defendants in their answer denied the material allegations of the complaint, upon which plaintiffs pray judgment.

Plaintiffs prayed judgment that in any event it be ordered and decreed that no deed which may be made by the defendant, F. H. Brooks, under the power of sale contained in said mortgage, shall be effective to pass to the grantee the right to possession of or title to the tract of land containing 54.75 acres, during the lifetime of the plaintiff, Bettie Boyd.

The issues of fact arising on the pleadings have not been tried or determined.

The action was heard upon an order to show cause why a temporary restraining order procured herein by the plaintiffs should not be continued to the final hearing. Defendants resisted a continuance of said order, and moved that same be dissolved and vacated.

The court was of opinion, after hearing the evidence and the argument of counsel, that plaintiffs were not entitled to a continuance of the restraining order, and in accordance with said opinion the said restraining order was dissolved and vacated.

The court was further of the opinion, however, that upon the admissions in the pleadings, with respect to the 54.75-acre tract of land, conveyed thereby to the defendant, F. H. Brooks, the mortgage executed by the plaintiff, Geo. W. Boyd, without the voluntary signature and assent of the wife, Bettie Boyd, signified on her private examination according to law, by reason of the provisions of C. S., 4103, was not valid as a conveyance to pass possession of or title to said tract of land to the defendant, F. H. Brooks, during the lifetime of the said Bettie Boyd, and that no deed executed pursuant to the power of sale in said mortgage to a purchaser at a sale made thereunder will be effective to pass possession or title to such purchaser during the lifetime of the said Bettie Boyd, and in accordance with said opinion it was considered, ordered and decreed that no deed which may be executed by the said F. H. Brooks, under the power of sale in said mortgage, shall pass possession of or title to said tract of land to the grantee during the lifetime of said Bettie Boyd, and that such deed shall be of no effect whatever so long as the said Bettie Boyd shall live.

To the order, refusing to continue the temporary restraining order to the final hearing, and dissolving and vacating said order, plaintiffs excepted.

To the order adjudging and decreeing that no deed from F. H. Brooks to a purchaser at a sale made by him under the power of sale contained in the mortgage, shall be effective to pass possession of or title to the 54.75 acres during the lifetime of Bettie Boyd, wife of Geo. W. Boyd, and that such deed shall be of no effect whatever so long as Bettie Boyd shall live, defendants excepted.

Both plaintiffs and defendants appealed to the Supreme Court, each assigning error based on their respective exception.

After notices of appeal had been duly given by both plaintiffs and defendants, the following entry, over the signature of the judge, was made in the record:

"It is agreed that the 330 acres of the Cox Farm may be sold under this mortgage, and this appeal only has reference to the 54.75 acres."

Plaintiffs' have not formally withdrawn or abandoned their appeal; they caused the same to be docketed in this Court. Their counsel filed a brief in their behalf and argued the appeal when the same was called for hearing in this Court.

*Abell & Shepard and E. J. Wellons for plaintiffs.*
*Wellons & Wellons and Manning & Manning for defendants.*

CONNOR, J.  Plaintiffs' only assignment of error upon their appeal to this Court is founded on their exception to the order denying their motion that the temporary restraining order be continued to the final hearing, and allowing defendants' motion that said order be dissolved and vacated.  The effect of this order was to relieve the defendants from the injunction imposed upon them by the temporary restraining order. Upon failure of plaintiffs to file the bond in the sum fixed by the court (C. S., 858(a), after they had given notice of their appeal to this Court, the defendants were as free to proceed with the sale of the lands described in the mortgage, under the power of sale contained therein, as they were before the temporary restraining order was signed.

Plaintiffs contended that there was error in the order, and appealed to this Court to the end that same might be reversed.  Thereafter, and before the appeal was docketed in this Court, plaintiffs agreed that the 330-acre tract might be sold by the defendants under the power of sale in the mortgage, and that the only question to be presented to this Court was whether there was error in the order with respect to the 54.75 acres. Plaintiffs, therefore, agreed that defendants might do what the order to which plaintiffs excepted permitted them to do, with respect to the 330-acre tract.  Whether or not there was error in the order as contended by plaintiffs, is now, by reason of plaintiffs' agreement, a moot question, which this Court will not consider.

The agreement was in effect a withdrawal by plaintiffs of their appeal, and an abandonment of their exception.  Whether or not the agreement has any other or further effect than to withdraw plaintiffs' objection to a sale of the 330-acre tract by the defendants, prior to the trial of the issues raised by the pleadings, is not now presented for decision.

Plaintiffs' appeal must be dismissed.  An appeal involving only the validity of an order dissolving a temporary restraining order, made upon an order to show cause, will not be considered by this Court when it

BOYD *v.* BROOKS.

appears that the act sought to be restrained has already been done, or that the appellant, after noting an exception to the order, has agreed that the act may be done. This Court will not reverse an order, although erroneously made, when appellant, notwithstanding his exception thereto, has subsequently agreed that the appellee may proceed in accordance with the order. *Kilpatrick v. Harvey,* 170 N. C., 668, 86 S. E., 596; *Moore v. Monument Co.,* 166 N. C., 211, 81 S. E., 170; *Yates v. Ins. Co.,* 166 N. C., 134, 81 S. E., 1062.

Defendants' appeal from the order made at the hearing of the order to show cause presents for decision but one question, to wit: Is C. S., 4103, constitutional and valid? The statute is as follows:

"No deed or other conveyance, except to secure purchase money, made by the owner of a home site, which shall include the residence and other buildings, together with the particular lot or tract of land upon which the residence is situate, whether actually occupied by said owner or not, shall be valid to pass possession or title during the lifetime of the wife, without the voluntary signature and assent of his wife, signified on her private examination according to law: *Provided,* the wife does not commit adultery, or has not and does not abandon the husband and live separate and apart from him."

It must be conceded, we think, that at the date of the execution of the mortgage by Geo. W. Boyd to F. H. Brooks, the 54.75-acre tract of land was a home site, within the statutory definition. It was a particular tract of land; it was owned by said Geo. W. Boyd; it was occupied by him and his wife as their home. The residence and other buildings used in connection therewith were located on said tract of land, and were included therein. There is no suggestion in the record that said tract of land was used or was susceptible of use for any purpose other than as a home. The acreage is not excessive for that purpose. Criticisms of the statutory definition, on the ground that it is vague and uncertain in some respects, and that for this reason it may be difficult to determine whether or not other tracts of land of larger acreage, and used by the owners for other purposes as well as a home, do not apply to this tract of land.

The mortgage conveying this tract of land, which was the "home site" of the owner within the statutory definition, was executed by said owner, without the voluntary signature and assent of his wife, signified on her private examination according to law. It was, therefore, not valid, under the provisions of the statute, to pass possession or title during the lifetime of the wife, and was without any effect whatever as to her so long as she shall live. Nor will a deed made under and pursuant to the power of sale contained in said mortgage be valid to pass such possession or title. There was no error in the order from which defendants have appealed unless it must be held that the statute is unconstitutional or void.

The statute was first enacted by the General Assembly of this State as chapter 123 of the Public Laws of North Carolina, session 1919. It was entitled "An act to protect the inchoate right of dower, and to prohibit the sale of the home by the husband, without the written assent of the wife." It was subsequently reënacted as a subsection of Article 2 (entitled "Dower") of chapter 80 (entitled "Widows"), of the Consolidated Statutes of North Carolina, 1919, and is now C. S., 4103. When the statute was first enacted, all laws and clauses of laws in conflict with its provisions, were expressly repealed. The statute became effective, according to its terms on the date of its ratification, to wit, 4 March, 1919. Notwithstanding the provisions of C. S., 4103, the husband may convey all his title to and estate in his land, in which his wife has an inchoate right of dower, without her joinder in his deed, provided the land conveyed is not a home site, as defined by the statute. C. S., 4101. His grantee in such deed, becomes the owner of the land, subject only to the wife's right of dower.

In *Johnson v. Leavitt,* 188 N. C., 682, 125 S. E., 490, *Stacy, J.,* with respect to this statute, says: "The homestead exemption should not be confused with the wife's interest in the husband's 'home site' (chapter 123, Public Laws 1919), when sought to be conveyed without her signature, which is also statutory." It is provided by the Constitution of this State that "no deed made by the owner of a homestead shall be valid without the voluntary signature and assent of the wife, signified on her private examination according to law." Const. of N. C., Art. X, sec. 8. The homestead, as defined by the Constitution, is clearly distinguishable from the home site as defined by the statute. The homestead, which consists of a lot or tract of land, which with the buildings, if any, situate thereon does not exceed in value the sum of one thousand dollars, is exempt from sale under execution or other final process for the satisfaction of the claims of creditors. When the homestead has been allotted for the purpose of the exemption, it can be conveyed by the husband only with the joinder of the wife. The home site also consists of a lot or tract of land; the said lot or tract of land, with the residence and other buildings situate thereon must be used or susceptible of use by the owner as a home for himself and wife. The value of the lot or tract of land, with the residence and other buildings is immaterial. No conveyance by the husband of his home site without the joinder of the wife is valid as against her, so long as she shall live.

The statute prohibiting the conveyance of the home site by the husband, without the joinder of his wife, does not affect or purport to affect creditors of the husband, who may, notwithstanding its provisions, subject the home site, if not included within his allotted homestead, to sale under execution for the satisfaction of their claims.

---

BOYD *v.* BROOKS.

---

At the death of the husband, the wife surviving him, she is entitled to her dower in the land which during their joint lives was the home site of the husband. The statute does not undertake to confer upon or vest in the wife any title to or estate in the home site of the husband, during their joint lives or at his death, either before or after its conveyance by the husband, without her joinder. During the life of the husband, the wife has only an inchoate right of dower in the home site; at his death, she surviving him, her right of dower becomes consummate. The conveyance by the husband, without her joinder, does not deprive her of her right of dower, either inchoate or consummate; nor does such conveyance confer upon or vest in her any title to or estate in the home site, during his life or at his death. She is entitled to her dower in the home site, after the conveyance, just as she was before the conveyance.

Upon the death of the husband, intestate, nothing else appearing, his statutory home site descends to his heirs, subject to the dower right of his widow. If the husband has conveyed his home site, with or without the joinder of his wife, the heirs acquire no title to or estate in the home site. If he has conveyed the home site with the proper joinder of his wife, his grantee is entitled to the immediate possession of the home site under his deed. If he has conveyed his home site, without such joinder, the grantee is not entitled to possession as against the husband, during the joint lives of the husband and wife; the wife, however, has no title to or right to possession of the home site during the life of the husband. At his death, she has only the right to have dower allotted to her in the home site. If the husband has conveyed his home site, without her joinder, his grantee, claiming under him, and not his heirs, who are barred by his deed, acquire both the title to and the right to possession of the land, which during the lifetime of the husband was his statutory home site.

In *Bank v. Sumner*, 188 N. C., 687, 125 S. E., 489, *Stacy, J.,* after reference to certain provisions of the statute, which make its interpretation difficult, says: "It has been suggested that the statute may apply, and probably was intended to apply, only as against those claiming under a deed from the husband without his wife's proper joinder. We leave its interpretation for future consideration." We think this suggestion well founded. The statute, properly interpreted and construed, does not apply to creditors or heirs of a husband, who is the owner of a statutory home site, and who has conveyed said home site, without the joinder of his wife. Nor does the statute affect the homestead, as defined, and provided by the Constitution.

The purpose of the statute, as appears from both its provisions and its title, is (1) to protect both the husband and the wife so long as the wife shall live, and the husband is under obligation, both legal and moral, to

provide and maintain a home for them both, and (2) at the death of the husband, intestate, the wife surviving him, upon which event her inchoate right of dower becomes consummate, to protect her from controversies and litigation with respect to the allotment of her dower in the lands of which the husband was seized and possessed during the coverture, and which but for the statute he could have conveyed, passing title and possession by his deed, immediately upon its delivery, subject to her dower. That this purpose is in accord with the well-settled policy of this State to encourage the ownership of homes, and to safeguard the family as essential to the good order of society, is, we think manifest.

The statute does not deprive the husband who is the owner of a home site as defined therein, of his *jus disponendi* with respect to such home site. His right of alienation is recognized. This right is only limited and regulated by the provisions of the statute.

The statute limits the effect of a conveyance of his home site made by the husband, without the joinder of his wife, but does not declare such conveyance void. The right to the possession of the home site does not pass to the grantee immediately upon the execution of the deed; nor does the grantee acquire title under the deed upon its execution and delivery. Both the right to possession and the title are postponed until the death of the husband. The title conveyed by the deed, with the right of possession under such title, then passes to the grantee, subject only to the dower right of the wife, if she survives her husband.

The statute further regulates the manner in which the deed for a home site owned by the husband must be executed, where it is contemplated by both the husband and the grantee that possession and title shall pass immediately upon its execution. The wife must assent to and sign the deed voluntarily, which fact must be shown on her private examination according to law. A deed thus executed is sufficient as a conveyance of the statutory home site by the husband, and passes both the possession and the title upon its execution and delivery.

In *Thomas v. Sanderlin*, 173 N. C., 329, 91 S. E., 1028, *Hoke, J.*, says: "While the *jus disponendi* is fully recognized with us as a substantial incident of ownership coming under the constitutional guarantees for the protection of private property, it is also established in this jurisdiction that neither this nor any other proprietary right is absolute in its nature, but the same is enjoyed and held subject to legislative regulation in the reasonable exercise of the police power." Upon this principle, C. S., 2577, first enacted in 1891, and providing that "all conveyances of household and kitchen furniture by a married man, made to secure the payment of money or other thing of value, are void, unless the wife joins therein and her privy examination is taken in the manner prescribed by law, in conveyances of real estate," was sustained. Upon

the same principle, we hold that C. S., 4103, is constitutional. A distinction between C. S., 2577 and C. S., 4103, should be noted. In the former statute, the conveyance without the joinder of the wife is declared to be void; while in the latter statute, such conveyance is declared to be invalid only for certain purposes. The owner of household and kitchen furniture is deprived absolutely of the right to convey said property by mortgage, without the consent of his wife, whereas the owner of a home site is deprived of such right only to a limited extent. If the former statute is constitutional, as held by this Court, it seems that there can be no question as to the constitutionality of C. S., 4103.

C. S., 4103, is not unconstitutional for the reason that the statute is in violation of principles of constitutional law established for the protection of property rights. Nor is the statute void because its provisions are too vague and uncertain for administration. The principle upon which it was held by this Court that the statute involved in *Supply Co. v. Eastern Star Home,* 163 N. C., 513, 79 S. E., 964, was void, does not apply in this case. The provisions of C. S., 4103 are not contradictory or self-destructive, as was held of the provisions of that statute. There may and doubtless will be cases in which it will be difficult to interpret and construe the provisions of this statute in order to determine the rights of the parties. This does not, however, affect the question presented by defendants' appeal in this case. We now hold only that the statute is constitutional and valid and that upon the facts admitted in the pleadings with respect to the 54.75-acre tract of land, the said tract of land, at the date of the execution of the mortgage by Geo. W. Boyd, was his statutory home site, and that therefore there was no error in the order with respect to said tract of land.

The order from which defendants appealed to this Court is

Affirmed.

STACY, C. J., dissenting: I regret to disagree with my brethren on a question of statutory construction, and would not do so, if the decision affected only the immediate parties or would not serve as a precedent in future cases, but after testing C. S., 4103, by all the known rules of interpretation, I am unable to determine, with any reasonable degree of certainty, its meaning or what the Legislature intended to accomplish by its enactment. *S. v. Diamond,* 202 Pac. (N. M.), 988, 20 A. L. R., 1527.

It is the declared law of this jurisdiction that "a statute must be capable of construction and interpretation; otherwise it will be inoperative and void. The Court must use every authorized means to ascertain and give it an intelligible meaning; but if after such effort it is found to be impossible to solve the doubt and dispel the obscurity, if no judicial

certainty can be settled upon as to the meaning, the Court is not at liberty to supply—to make one. The Court may not allow 'conjectural interpretation to usurp the place of judicial exposition.' There must be a competent and efficient expression of the legislative will." *S. v. Partlow*, 91 N. C., 550.

Speaking to the same question in *Drake v. Drake*, 15 N. C., 110, *Ruffin, C. J.*, delivering the opinion of the Court, said: "Whether a statute be a public or a private one, if the terms in which it is couched be so vague as to convey no definite meaning to those whose duty it is to execute it, either ministerially or judicially, it is necessarily inoperative. The law must remain as it was, unless that which professes to change it be itself intelligible."

And such is the substance of the law as declared by the Supreme Court of the United States in *Yu Cong Eng v. Trinidad*, 271 U. S., 500; *Connally v. General Const. Co.*, 269 U. S., 385; *U. S. v. Cohen Grocery Co.*, 255 U. S., 81; *Collins v. Kentucky*, 234 U. S., 634, and *International Harvester Co. v. Kentucky*, 234 U. S., 216.

To like effect, also, is the law in other jurisdictions. *Wilkerson, District Judge*, in *Re. Di Torio*, 8 F. (2nd), 279, states the general rule as follows: "An act which is so uncertain that its meaning cannot be determined by any known rules of construction cannot be enforced. If no judicial certainty can be settled upon as to the meaning of a statute, the courts are not at liberty to supply one. It must be capable of construction and an interpretation; otherwise it will be inoperative and void. An act is void where its language appears on its face to have a meaning, but it is impossible to give it any precise or intelligible application in the circumstances under which it was intended to operate," citing as authority for the position: *People v. Sweitzer*, 266 Ill., 459, 107 N. E., 902, Ann. Cas., 1916B, 586; *People v. Briggs*, 193 N. Y., 457, 86 N. E., 522; *S. v. Partlow*, 91 N. C., 550, 49 Am. Rep., 652; *S. v. West Side Street Ry. Co.*, 146 Mo., 155, 47 S. W., 959; 25 R. C. L., 811.

Nor is it necessary to look beyond the Court's own opinion in the instant case to demonstrate the ambiguity and uncertainty, and I think invalidity, of the statute.

It is said, in the first place, that the deed of the husband for the undetermined and undefined home site, without the voluntary signature and assent of his wife, is "not valid, under the provisions of the statute, to pass possession or title during the lifetime of the wife, and was without any effect as to her so long as she shall live."

Realizing, however, that the statute gives the wife no estate or interest in the home site as such, and that the possession and title thereto, when conveyed by the husband without the voluntary signature and assent of

his wife, would, under the above statement, be *in nubibus* during her widowhood, it is said that "Both the right to possession and the title are postponed until the death of the husband. The title conveyed by the deed, with the right of possession under such title, then passes to the grantee, subject only to the dower right of the wife, if she survives her husband."

Again, it is stated that "at the death of the husband, intestate, the wife surviving him, upon which event her inchoate right of dower becomes consummate," the purpose of the statute is "to protect her from controversies and litigation with respect to the allotment of her dower in the lands of which the husband was seized and possessed during coverture, and which but for the statute he could have conveyed, passing title and possession by his deed, immediately upon its delivery, subject to her dower."

Thus, it is declared that the deed of the husband for the undetermined and undefined home site, without the voluntary signature and assent of his wife, is invalid to pass possession or title thereto:

1. During the lifetime of the wife or so long as she shall live.

2. Until the death of the husband.

3. Until the widow can have her dower allotted.

These three interpretations are all variant, and the question still remains: What is the real meaning of the statute? I am not criticising the Court's opinion. It is the result of an earnest effort to find a rational interpretation and to give clarity to cloudiness. A majority of the Court considers that this has been done; I think otherwise; and from this difference, springs our divergence of opinion.

Other objections to the workableness of the statute readily suggest themselves:

Is the statute self-executing, or must the home site be claimed, and, if so, by whom?

Who is to determine what the home site shall include, and what not? Is this a question of law for the court or a question of fact for a jury?

Was it intended to be in addition to, or included within, the homestead right?

Is it limited or unlimited in extent and value?

Having once conveyed the home site, without the wife's signature, could it later be taken under execution against the husband, or sold by the husband and the wife, and, if so, for what length of time?

Would a subsequent deed by the husband and wife defeat the husband's prior grantee of all rights in the premises?

What effect would a prior or subsequent separation or divorce have upon the deed executed by the husband without the wife's proper joinder?

BUIE v. R. R.

On all these matters the statute is silent, and it would require considerable amendment, by way of judicial legislation, to answer them. But this is not the province of the Court. It is ours only to declare the law, not to make it. *Moore v. Jones,* 76 N. C., 187.

It is not possible to weld a pewter handle to a wooden spoon, and, in my opinion, the statute falls within the rule of law, stated in 25 R. C. L., 810, as follows:

"Where an act of the Legislature is so vague, indefinite and uncertain that the courts are unable to determine, with any reasonable degree of certainty, what the Legislature intended, or is so incomplete or is so conflicting and inconsistent in its provisions that it cannot be executed, it will be declared to be inoperative and void."