STATE OF NORTH CAROLINA v. CLAUDE VANCE COOLEY, DEFENDANT-
OBLIGOR, AND MRS. META YOUNG, SURETY-OBLIGOR

No. 8010SC856

(Filed 3 February 1981)

Arrest and Bail § § 9.2, 11.3— post conviction appearance bond — requirement
that defendant report to county probation office — order of forfeiture of
bond

> The trial court had authority under G.S. 15A-536(d) to require defendant to
> post a secured appearance bond for his post-conviction release while his appeal
> was pending and to consign defendant to the custody of the Wake County Proba-
> tion Office and to order that defendant report to the Probation Office by noon
> each Monday, and the trial court was authorized by G.S. 15A-544(c) to enter a
> judgment of forfeiture of the bond upon determining that defendant failed to
> comply with the condition requiring him to report to the Probation Office and
> that defendant had failed to satisfy the court that his appearance in compliance
> with the condition was impossible or that his failure to appear was without his
> fault.

APPEAL by Defendant-Obligor and Surety-Obligor from
*Preston, Judge.* Judgment entered 9 May 1980 in Superior Court,
WAKE County. Heard in the Court of Appeals 16 January 1981.

Defendant-Obligor, Claude Vance Cooley, was convicted in
Wake County Superior Court on 14 June 1979 of various controlled
substance and conspiracy offenses. He received active sentences
and was committed to the North Carolina Department of Correc-
tion for safekeeping pending appeal. On 3 August 1979, pursuant to
Defendant-Obligor's request, the trial court ordered Defendant-
Obligor released upon the posting of a secured appearance bond in
the sum of $50,000.00 and upon compliance with certain special
conditions. On 7 August 1979 the Surety-Obligor posted the requi-
site bond. Contemporaneously therewith Defendant-Obligor ac-
cepted and acknowledged receipt of a copy of the release order, and
he was released.

One of the special conditions of the order for bond and release
was as follows:

> That the Defendant [Obligor] be placed in the cus-
> tody of the Wake County Probation Office to report
> in person on each Monday to Ms. Anne Porter, or
> her designee, such report to be made no later than
> 12:00 noon on each Monday.

On 1 October 1979 Defendant-Obligor was scheduled to appear in Wake County Superior Court for trial on charges unrelated to the charges here. 1 October 1979 was a Monday on which Defendant-Obligor was, pursuant to the provision quoted above, required to report to the Wake County Probation Office by noon. Defendant-Obligor failed to report; and as a consequence Judge John C. Martin on 1 October 1979 entered an order terminationg his post-conviction release, revoking his post-conviction bond and ordering forfeiture of the bond.

On 9 May 1980 Judge Edwin S. Preston heard evidence and arguments of counsel for Defendant-Obligor, Defendant-Surety, and the Wake County School Board, and entered judgment against the defendants, jointly and severally, in the sum of $50,000.00 upon the post-conviction appearance bond. From this judgment, defendants appeal.

*Attorney General Edmisten, by Associate Attorney Richard H. Carlton, for the State.*

*Ransdell, Ransdell and Cline, by William G. Ransdell, Jr. and James E. Cline, for Defendant-Obligor and Surety-Obligor, appellants.*

WHICHARD, Judge.

Defendants contend that the bond in question was given to secure Defendant-Obligor's appearance in the trial court following decision by this Court on his appeal in these cases; that on 1 October 1979, when Defendant-Obligor failed to report to the Wake County Probation Office as ordered, this Court had not rendered a decision on said appeal; and that the order of forfeiture and the subsequent judgment thereon were improper and without legal authorization. We find statutory authorization for the trial court's entries, and we thus reject defendants' contentions.

G.S. 15A-536, in pertinent part, provides:

(a) A defendant whose guilt has been established in the superior court and is either awaiting sentence *or has filed an appeal* from the judgment entered may be ordered released *upon conditions* in accordance with the provisions of this Article.

(b) If release is ordered, the judge must impose the

conditions set out in G.S. 15A-534(a) [one of which is
the execution of an appearance bond secured, *inter
alia,* by at least one solvent surety] which will rea-
sonably assure the presence of the defendant when
required and provide adequate protection to per-
sons and the community. If no single condition gives
the assurance, the judge may impose the *condition
in G.S. 15A-534(a)(3)* [which authorizes placing a
defendant in the custody of a designated person or
organization agreeing to supervise him] *in addition
to any other condition* and may also, or in lieu of the
condition in G.S. 15A-534(a)(3), place restrictions
on the travel, associations, conduct, or place of
abode of the defendant.

G.S. 15A-536(a) and (b) (1978) (emphasis supplied). The require-
ment of an appearance bond is one of the conditions for release
authorized by G.S. 15A-534(a); thus, the trial court had authority
under G.S. 15A-536(b) to mandate the bond at issue here. The
placement of a defendant in the custody of a designated "person or
organization agreeing to supervise him" is "the condition in G.S.
15A-534(a)(3)"; thus, the trial court had further authority under
G.S. 15A-536(b) to consign Defendant-Obligor to the custody of the
Wake County Probation Office. The order that Defendant-Obligor
report to the Probation Office by noon each Monday was material to
that agency's capacity "to supervise him"; thus, the trial court had
still further authority under G.S. 15A-536(b) to impose this require-
ment in furtherance of that statute's broad purpose to "assure the
presence of the defendant when required and provide adequate
protection to persons and the community."

G.S. 15A-544(b), in pertinent part, provides:

If the principal *does not comply with the conditions*
of the bail bond, the court having jurisdiction must
*enter an order declaring the bail to be forfeited.*

G.S. 15A-544(b) (1978) (emphasis supplied). When Defendant-
Obligor failed to comply with the condition requiring him to report
to the Probation Office, G.S. 15A-544(b) authorized the trial court
to enter the order of forfeiture.

G.S. 15A-544(c), in pertinent part, provides:

> If the principal does not appear . . . and satisfy the
> court that his appearance on the date set was impos-
> sible or that his failure to appear was without his
> fault, the court must enter judgment for the State
> against the principal and his sureties for the amount
> of the bail and the costs of the proceedings.

G.S. 15A-544(c) (1978). While the judgment contains no finding of fact that the principal (Defendant-Obligor) failed to satisfy the court that his appearance in compliance with the condition was impossible or that his failure to appear was without his fault, the record establishes that the court heard evidence and arguments of counsel before entering judgment. It is evident, therefore, that the court proceeded appropriately and made the requisite pre-judg-ment determination that the evidence and arguments presented failed to satisfy it that Defendant-Obligor's failure to appear in compliance with the condition was due to impossibility or without fault on his part. When we construe the provision of G.S. 15A-544(c) set forth above in accord with what we believe to be the purpose of the post-conviction release statutes "taken as a whole," *State v. Partlow*, 91 N.C. 550, 552 (1884), we hold that the trial court was authorized to enter the judgment of forfeiture upon such determina-tion.

The judgment is therefore

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.