I. A. DAVENPORT ET AL. v. THE BOARD OF EDUCATION OF McDOWELL COUNTY.

(Filed 24 May, 1922.)

**1. School Districts—Discretion of Board—Courts—Injunction.**

The courts will not interfere with the control and supervision of the county board of education in the exercise of its statutory discretion given in the formation of school districts and their consolidation, or intervene in behalf of any one who supposes himself to be aggrieved by their action therein, except upon a clear showing that it was acting contrary to law, and then they will only restrain its action to the extent necessary to keep it within the law and the rightful exercise of its powers.

**2. Same—Combination of Districts—Location of Schoolhouses.**

A schoolhouse in a special school tax district of a county having been burned, the county school board consolidated this with another such special district, made provisions for the lower grades in the first district, and arranged for the attendance of the higher grades at the schoolhouse in the district with which it had been consolidated; and the taxpayers of the first district sought in their suit to enjoin the action of the county board upon the ground of inconvenience, etc., of the higher grade of children attending the school in the enlarged district. It appearing that the tax rates of the two districts were the same, and that the board was in the exercise of its legal right in making the consolidation, *it is held* that the county board was in the lawful exercise of its discretion given them by the statute, and the courts will not therewith interfere.

**3. Same—Appeal and Error—Presumptions—Findings of Fact—Record.**

Where the judge of the Superior Court has refused to grant an injunction against the exercise of the statutory discretion of a county board of education in consolidating two special tax school districts within the county, arranging for the attendance at various schoolhouses for the lower

and upper grades of the children of the district, but has found no facts upon which he has based his rulings, his action will be presumed as correct on appeal, it being for the appellant to show error, and on appeal the Supreme Court will assume that he has based his conclusions of law upon affidavits and other evidence appearing of record that fully support them.

APPEAL by plaintiff from *Lane, J.,* dissolving a temporary restraining order, March, 1922, from McDOWELL.

This action was brought by the plaintiffs, as taxpayers of Carlysle Special School Tax District in said county, and inhabitants of said district whose children are entitled to school facilities therein, against the defendant to enjoin the unlawful diversion or misapplication of funds raised by taxation in the district for school purposes, to the support of a high school in Nebo District, adjoining Carlysle District, and to require that they be used only for the schools in the latter district. The defendants deny that the funds are being thus unlawfully diverted and misused, and allege that they have in all respects performed their duties as the county board of education within the law, and have committed no unauthorized act in respect to the matters alleged in the complaint. That the schoolhouse in Carlysle District was burned several years ago, and that the defendants have made proper and adequate provision for teaching the children therein temporarily in the primary grades, and have further provided for educational advantages at the high school in Nebo District, the two districts, Nebo and Carlysle, having been legally consolidated by order of the board. The scope of the defense set up by the board of education to the allegations of the plaintiff appears in two affidavits filed by it in support of its denial of said allegations and the other matters averred in the answer, as follows:

"T. W. Stacy, being duly sworn, deposes and says that he is chairman of the board of education of McDowell County; that prior to the consolidation of the Carlysle and Nebo districts, both districts had voted a special tax of 30 cents on the property and 90 cents on the poll; that prior to said consolidation, the Nebo District had built a strong and efficient school, and had maintained same with many capable teachers; that the Nebo school had been known all over McDowell County for the splendid educational work done, it having sent out not only to McDowell County, but to many parts of the State, some of the best equipped teachers that the State has, and that since said consolidation there has been erected at a cost of more than $13,000 an excellent brick school building in said consolidated district, and that a splendid school is now being maintained in said consolidated district. That when said consolidation was made, and prior thereto, the board of education of McDowell County made a thorough investigation and came to the unanimous con--

clusion that the best interests of the children of the consolidated district would be conserved by such consolidation; that this affiant, representing the board of education of McDowell County prior to the institution of this suit, had consulted many of the patrons of the old Carlysle District with the view of ascertaining their wishes and the advisability of rebuilding a schoolhouse somewhere near the site of the old one which had been burned, as referred to in the affidavit of Prof. N. F. Steppe, and it had been decided by the board of education to erect a new schoolhouse for the primary grades in the old Carlysle District and have the more advanced pupils in said section to .attend the well equipped school at Nebo, and in pursuance of this purpose, the board of education is now preparing to erect said schoolhouse; that all this affiant has done in the consolidation of said school districts has been done for the best interests of the children of said school districts, and that he has acted in good faith, and for no other purpose than to promote the best interests of all the children of said districts; that this affiant knows that the entire school board has acted in good faith and with the single and sole purpose of doing what was best to promote the education of all the children of said school districts, since said districts were consolidated into the Nebo District. Wherefore, this affiant prays the court will dissolve the injunction heretofore issued and permit the defendant to proceed to administer their school interests to the best advantage of the children of said consolidated district.          .          (Signed)  T. W. STACY."

"N. F. Steppe, first being duly sworn, deposes and says that he is superintendent of the schools of McDowell County; that as such superintendent he advised the consolidation of the two special tax districts of Nebo and Carlysle; that on 1 August, 1920, the board of education of McDowell County duly passed an order in regular session consolidating said district, a copy of which order is set out in the answer in this case; that it is the policy of the educational interests of North Carolina to create large and strong districts in order to provide the best and most efficient schools possible. That said consolidation was made in good faith, and that the board of education has contemplated transporting children of the Carlysle District to the Nebo, or building a new schoolhouse near where the former schoolhouse was burned, in order that the primary grades may be instructed in a one-teacher school, and that the advanced grades may be given instruction at Nebo; that two years after the fire burned Carlysle schoolhouse, a school was taught in said district in a house procured for that purpose; that in this way the children of the Carlysle District would be given a better opportunity for education than to maintain only one-teacher school in said district; that this affiant is advised that the board of education was acting within their powers in consolidating the said two districts; that he acted in good

faith in advising and recommending said consolidation, and only had the interests of the school children of said consolidated territory in mind. That before said consolidation was made, this affiant, together with the chairman of the board of education, looked over the field and reported to the full board of education and the matters were discussed, and it was unanimously decided that it was to the best interest of all the children of both districts, Nebo and Carlysle, to consolidate said two special tax districts; that prior to the time of the consolidation, as aforesaid, there had been a school maintained in the Carlysle District, but a few years ago a forest fire broke out on the Carolina, Clinchfield and Ohio Railroad and spread to said district, and destroyed said schoolhouse, and since that time and prior to the bringing of this suit the chairman of the board of education of McDowell County and this affiant have considered with many of the patrons of said district the building of a schoolhouse for the purpose of teaching the primary grades in said district; that a large number of the patrons of said district have petitioned the board of education of McDowell County to erect said school, which petition is hereto attached, and asked to be made a part of this affidavit; that this affiant is advised and believes that the purpose of this suit is to take the special school taxes due the consolidated district from McDowell County and turn it over to the school authorities of Burke County for the purpose of maintaining a school near the McDowell County line. That this affiant is advised that there is no authority for this, and the school authorities of McDowell County do not consent or agree to it, and without consent the same cannot be done; that the school advancement in McDowell County has been phenomenal, and that the citizenship of McDowell County points to the growth of its school interests with great pride; that to grant the prayer of the plaintiffs in this cause would be to hamper and injure the school interests of the consolidated district of Nebo and Carlysle. He further says that this suit was not instituted by the plaintiffs until this affiant had selected a place or site on which to build a schoolhouse, in the old Carlysle District, and a contract had been tentatively entered into with the contractor to build the schoolhouse, and plans were adopted for said schoolhouse. Wherefore, this affiant prays the court to dismiss the injunction and permit the school authorities of McDowell County to manage their affairs without further interference.

(Signed)    N. F. STEPPE."

There was a suggestion that Carlysle District be consolidated with Oak Grove District in Burke County, but this plan was not perfected, and the action of the McDowell board relating thereto and contemplated was afterwards rescinded.

Plaintiffs allege that the Nebo High School is inaccessible to the children of Carlysle District, being at a great distance therefrom, with a

large pond or lake between the two, and that the children of the said district are practically deprived of proper school facilities and advantages, such as the statute provides for them, and that by uniting with Oak Grove District in Burke County, adjoining the Carlysle District, they will receive proper and adequate school privileges. The defendant denies this, and asserts the right to manage its own school affairs in its own way, without any of its school districts being joined with another district in Burke County. Plaintiffs alleged that Carlysle and Nebo districts had different rates of taxation for school purposes, but this is denied by defendant, who alleges that they are the same, as fixed by the vote of the people in the two districts, acting separately, and this is the fact.

A temporary restraining order was granted by Judge Webb, returnable before Judge Lane, who heard the case upon the pleadings and affidavits and refused to continue the injunction and dismissed the action. Plaintiffs excepted and appealed.

*Avery & Ervin and Spainhour & Mull for plaintiffs.*
*No counsel for defendant.*

WALKER, J., after stating the case: If the plaintiffs had any equity in their case it was completely and categorically denied in the answer, which denial is fully sustained by the exhibits. We must assume that Judge Lane found such facts as would support his judgment, though there are no special findings set out in the case on appeal. *Bowers v. Lumber Co.,* 152 N. C., 604. While we may review findings of fact in such cases, we will not reverse what are apparently the judge's findings with good and sufficient ground for such action by him, but will adopt his view of the facts unless clearly erroneous, and we are unable to say that such is the case in this record; but, on the contrary, we concur with the judge in this respect, believing that he reached the proper conclusion both as to the facts and the law. The judge evidently found the facts to be in accordance with the denials and averments contained in the answer, and the affidavits filed before him by the defendant, and generally that the board of education of McDowell County had acted strictly within the powers and authority conferred upon it by the school law as contained in the Consolidated Statutes, chapter entitled "Education," and in its several articles, especially article 10. The two districts, Nebo and Carlysle, were consolidated into one, known as the Nebo District, because of advantages to the school children of the higher education provided by the school for advanced pupils situated in that part of the consolidated district, formerly Nebo School Tax District, and they reserved the schools in what was formerly Carlysle District for the

primary grades.   We would not lightly interfere with the judgment and discretion of the local board in such matters when it does not appear that the same has been illegally exercised or grossly abused, as is the case here.   The law has committed the control and supervision, the formation of districts, and their consolidation in given cases, to the local boards, and we do not intervene in behalf of any one who supposes himself to have been aggrieved by their action except upon some clear showing that they are acting contrary to the law, and so far restrain their action only as to keep them within the law and the rightful exercise of their powers.

The gravamen of the complaint here seems to be that the Nebo school is too inconveniently and distantly located, with reference to the children in what was formerly Carlysle District, to be accessible and available to them.   But this is one of the matters committed to the sound judgment and discretion of the board of education in the new, or Nebo District. A similar question was presented in *Brodnax v. Groom,* 64 N. C., 244, as to taxation and the building of bridges, and the Court said in regard to it:   "But the power to tax is assumed, and an attempt is made to restrain its exercise, 'except for the necessary expenses of the county.' Who is to decide what are the necessary expenses of a county?   The county commissioners, to whom are confided the trust of regulating all county matters.   'Repairing and building bridges' is a part of the necessary expenses of a county as much so as keeping the roads in order, or making new roads; so the case before us is within the power of the county commissioners.   How can this Court undertake to control its exercise?   Can we say such a bridge does not need repairs; or that in building a new bridge near the site of the old bridge it should be erected as heretofore, upon posts, so as to be cheap, but warranted to last for some years; or that it is better policy to locate it a mile or so above, where the banks are good abutments, and to have stone pillars, at a heavier outlay at the start, but such as will insure permanence and be cheaper in the long run?   In short, this Court is not capable of controlling the exercise of power on the part of the General Assembly, or of the county authorities, and it cannot assume to do so, without putting itself in antagonism as well to the General Assembly as to the county authorities, and erecting a despotism of five men; which is opposed to the fundamental principles of our Government, and the usages of all times past.   For the exercise of powers conferred by the Constitution, the people must rely upon the honesty of the members of the General Assembly, and of the persons elected to fill places of trust in the several counties.   This Court has no power, and is not capable if it had the power, of controlling the exercise of power conferred by the Constitution, upon the legislative department of the Government, or upon the county

authorities." Matters of this kind must be left largely to the good judgment and discretion of the local authorities, who know far better than we do what will best promote the interests of those who have confided the trust to them, and to whom they are responsible for its just and proper performance.

In *Smith v. School Trustees,* 141 N. C., 143, relied on by the defendant for the position that the courts will enjoin local authorities in the exercise of their powers, it appears that the wrong imputed to the defendants in that case was a distinct and direct violation of the law, and even of the Constitution, in the management and disposition of school funds. They were not exercising merely a lawful discretion, but were acting unlawfully and in the application and disbursement of school funds, and contrary to a former decision of this Court. *Lowery v. School Trustees,* 140 N. C., 33.

We should not interfere with the exercise of powers by the local school authorities, charged with the duty of providing the necessary facilities for the education of the children of the State in their respective communities, unless the legal right of some one, who asks for relief, is being clearly violated. It does not so appear in this case, but the contrary.

The power and authority of the local school boards are adapted to the full and proper performance of the duties imposed upon them, and have recently been somewhat enlarged and simplified, and made more flexible (Laws of 1921, ch. 179), and we should be careful not unduly to restrict these powers, the full exercise of which is so essential to the efficient conduct and management of our public schools.

Where the schoolhouses shall be placed in the district, and in what manner they shall be conducted, are obviously matters which must be decided by the school authorities, who have done so in this case. They had the right to consolidate the two districts, Carlysle and Nebo, into one district, both districts having the same rate of taxation (*Paschal v. Johnson, ante,* 129 (110 S. E., 841). The McDowell board could not be compelled to consolidate Carlysle District with Oak Grove District, which is in Burke County, and it refused to do so, preferring to administer the affairs of their schools in their own county, rather than have a divided supervision of them. We are without power to reverse their decision in this respect, it not appearing that the board has acted in violation of any law.

Since the argument of this cause, it has been suggested that certain facts exist which, as we think, do not appear in the record, such as the bonded indebtedness of Nebo District and the consolidation of Carlysle District with the district in Burke County. We cannot consider matters not so appearing. We may repeat that the judgment of the court is presumed to be correct, and it is incumbent upon the appellant to show

BAKER *v.* LUMBER CO.

error, if any exists, and whether we act on the presumption or upon the evidence, and our view of the facts based upon the evidence, which agrees with that of the learned judge, we reach same conclusion that there was no error in the judgment of the court as to the injunction. We cannot assume or infer facts to exist, except as they appear clearly in the record.

The case really presents the single question, whether upon the facts as they appear we should undertake to review the action of the board of education of McDowell County, which has done nothing more than exercise its rightful authority under the statute. It is clear that we should decline to do so, in any admissible view of the case.

The decision of the judge as to the continuance of the injunction to the final hearing is in accordance with the facts as they now appear, and the law, as we understand them, but he should not have dismissed the action, as the merits of the action and how it shall be finally determined were not before him, and not before us at this time, plaintiff being entitled to be heard upon the issues raised by the pleadings at the final trial of the case. *Moore v. Monument Co.,* 166 N. C., 212; *R. R. v. Mining Co.,* 117 N. C., 191; *Crawford v. Pearson,* 116 N. C., 718.

The judgment should therefore be modified, as there was no error in refusing to continue the injunction, but there was error in dismissing the action, and, as thus modified, it is affirmed. Costs of this Court equally divided between the parties.

Modified and affirmed.

STACY, J., not sitting.