W. A. ROUSSEAU ET AL. v. W. A. BULLIS ET AL.

(Filed 20 May, 1931.)

**Appeal and Error A e—Where question presented for review has become moot or academic the appeal will be dismissed.**

Where on appeal it appears that an election sought to be enjoined has already been held, the appeal presents only a moot question, and will be dismissed.

APPEAL by defendants from *Sink, J.,* at Chambers, Lexington, 10 April, 1931. From WILKES.

Civil action to restrain the defendants from holding a municipal election in the town of North Wilkesboro on 5 May, 1931, pursuant to resolution adopted by the municipal authorities 18 March, 1931, and to obtain possession of the registration books for said town. Counter-action to enjoin the plaintiffs from proceeding to hold an election in the town of North Wilkesboro on 5 May, 1931, pursuant to resolution adopted by board of elections of Wilkes County 28 March, 1931, under authority of House Bill 179, General Assembly of North Carolina, ratified 13 March, 1931.

By act of the General Assembly, ratified 13 March, 1931, the control of all primaries and elections held in the cities and towns of Wilkes County is taken from the municipal authorities and placed under the county board of elections. The plaintiffs have proceeded under this act. The defendants, deeming said act to be unconstitutional, were proceeding under the old law.

The material portions of the order from which the defendants appeal are as follows:

"1. That J. B. McCoy, appointed registrar of the board of town commissioners of the town of North Wilkesboro to hold the city primary

and election and other town officials, are hereby ordered to deliver to James M. Anderson, registrar appointed by the county board of elections for county of Wilkes and State aforesaid, the registration books of the qualified voters of the town of North Wilkesboro, or that the books be delivered to W. A. Rousseau, chairman of the county board of elections of the county of Wilkes, and all other records in his custody pertaining to city primary and election of said town.

"2. It is further ordered that the respondents or defendants above named, and each of them, their agents, servants and representatives be, and are hereby restrained and enjoined from holding the primary and election of the town of North Wilkesboro under and by virtue of resolutions adopted by the town board of commissioners on 18 March, 1931, and they are further restrained and enjoined from doing any act or issuing any order that may interfere with election officials appointed by county board of elections, to wit, J. M. Anderson, registrar, Jeter Blackburn and Robert Brame, judges, from holding the city primary and election as called by the county board of elections 28 March, 1931, and that they be restrained from doing any act that may be an interference with said election officials appointed by election board on said date."

Defendants appeal, assigning errors.

*Eugene Trivette and J. A. Rousseau for plaintiffs.*
*Jones & Brown, J. H. Whicker, F. D. Hackett, and Manly, Hendren & Womble for defendants.*

STACY, C. J. It was conceded on the argument that the election which the defendants, in their counter-action, seek to enjoin, was held 5 May, 1931. Hence, as the gravamen of the cross-action, or the act therein sought to be restrained, is now *fait accompli,* or a fact accomplished, or "water in the mill-tail," to quote an expressive phrase from the late *Chief Justice Hoke,* it would serve no useful purpose to moot an academic question. *Rasberry v. Hicks,* 199 N. C., 702; *Glenn v. Culbreth,* 197 N. C., 675, 150 S. E., 332; *Kilpatrick v. Harvey,* 170 N. C., 668, 86 S. E., 596; *Sullivan v. Swain,* 199 N. C., 819.

Where it appears that the act sought to be enjoined has already been done, the practice of appellate courts is to dismiss the appeal, on the principle that it is not worth while to "lock the stable door after the steed is stolen."

To illustrate: In *Harrison v. New Bern,* 148 N. C., 315, 62 S. E., 305, the plaintiff sought to enjoin agents of the defendant city from cutting down a tree. The temporary restraining order was dissolved, and pending the appeal, the tree was cut down. The action was dismissed, as there was nothing upon which an injunction could operate.

Again, in *Moore v. Monument Co.*, 166 N. C., 211, 81 S. E., 170, it was said: "As the monument has been erected, the Court will not entertain an appeal to determine the correctness of the ruling dissolving the restraining order."

Under the authorities cited, the appeal will be dismissed.

Appeal dismissed.