MANSON McCLEESE v. EASTERN BANK AND TRUST COMPANY.

(Filed 15 March, 1933.)

**Appeal and Error A e—**

　　Where the questions sought to be presented on appeal have become
academic the appeal will be dismissed.

Appeal by defendant from *Harris, J.,* at October Term, 1932, of
Pamlico. Appeal dismissed.

*W. B. R. Guion for plaintiff.*
*Warren & Warren for defendant.*

Clarkson, J. The plaintiff when a minor had on deposit in defendant
bank, on ........ September, 1930, about $819.13 and $34.64. He, with
his mother as guardian, made an agreement with defendant, on 8 Au-
gust, 1930, in part, as follows: "I/we will postpone until 20 December,
1932, the payments, without interest of my/our respective claims against
said bank, or any individuals thereon, and no part of said claims against
said bank shall be legally demandable prior to 20 December, 1932," etc.

After plaintiff came of age he sued defendant, on 23 September, 1932,
and alleged in the complaint, in part: "That at said time and place,
this plaintiff was without business experience, an orphan, and relied
upon the assurances above mentioned; but upon reaching the age of
21 and the plaintiff became 21 on 18 September, 1932, after mature
consideration, concluded that it was necessary for plaintiff to have said
sum of money, and that his own best interests required that he have the
sum. That on 23 September, 1932, plaintiff drew his check on said
Eastern Bank and Trust Company, and presented the same at said bank
at Bayboro for payment, advising the said bank that although he, when
a minor, had entered into a contract not to check upon said account
until 20 December, 1932, upon certain representations, that he now dis-
believed the representations and, 21 years of age, desired his money.
That the defendant then and there refused to give the said money to
plaintiff."

The defendant demurred to the complaint: "That the complaint filed
herein does not state facts sufficient to constitute a cause of action in
that: (1) It appears on the face of the complaint that the plaintiff, in
1930, a minor 20 years of age, executed and agreed with the defendant
herein that he would not check against or draw upon his deposits in
said defendant bank until 20 December, 1932, and that in violation of
his admitted agreement plaintiff on 23 September, 1932, drew his check

on his deposit in said bank and presented same for payment. (2) That there is attached hereto a true copy of plaintiff's agreement with said bank as referred to in the complaint, which is also executed by Mrs. Beatrice McCleese, guardian of said minor plaintiff, and attention is here called to (3 C. S., 1924) section 220(i), which provides as follows: 'Whenever any person who is a minor of the age of fifteen years and upward shall make a deposit in any State or National Bank in this State, the same shall be held for the exclusive benefit and right of said minor, free from the control of all persons whatsoever, and it shall be paid, together with interest, if there be any interest thereon, to the person in whose name the deposit shall be made, and the receipt, check, or quittance of such minor to the said State or National (bank) shall be valid and sufficient release and discharge for such deposit, or any part thereof, to the bank in which said deposit was made.' Wherefore, defendant prays judgment that this action be dismissed at the cost of the plaintiff."

At October Term, 1932, the court below overruled the demurrer "to the foregoing judgment overruling the demurrer the defendant excepts and appeals to the Supreme Court. Notice of appeal given in open court and waived," etc.

On 7 November, 1932, the plaintiff made a motion accompanied by affidavit setting forth certain facts, praying that a receiver be appointed for defendant. The defendant made motion "to strike from files and dismiss motion and affidavits of plaintiff asking for receivership."

The court below set forth certain facts and rendered judgment: "It is now thereupon ordered, adjudged and decreed that the defendant deposit in court the said sums of $819.13 and of $34.64, to be safely held, pending the final determination of this case. 21 November, 1932. W. C. Harris, judge presiding. On motion of the defendant for the stay of the foregoing judgment, it is considered, ordered and adjudged that the foregoing judgment may be, and the same shall be, stayed upon the filing by the defendant of a good and sufficient bond, in the amount of $853.77, with sureties to be approved by the clerk of the Superior Court of Pamlico County, etc. W. C. Harris, judge presiding. 21 November, 1932."

Defendant, in accordance with the judgment, gave bond and appealed to this Court. It appears by the record and defendant admits that plaintiff "agreed with the defendant herein that he would not check against or draw upon his deposits in said defendant bank until 20 December, 1932."

Conceding, but not deciding that under the statute plaintiff could make the agreement contended for by defendant, the agreement expired 20 December, 1932. This is March, 1933. We will not discuss the law as to what is a speaking demurrer, the right of minors, under the above section of the Consolidated Statutes, or the requiring defendant to give

bond on appeal, by the court below in the application by plaintiff for a receiver. Under the now existing facts the questions presented are moot, academic. *Rousseau v. Bullis,* 201 N. C., 12. For the reasons given, the appeal will be dismissed.

Appeal dismissed.