MANSON McCLEESE v. EASTERN BANK AND TRUST COMPANY.

(Filed 1 November, 1933.)

1. **Appeal and Error B d—Where defendant does not appeal from judgment for plaintiff, plaintiff's right to maintain action is not presented.**

Where defendant appeals from an order overruling its demurrer to plaintiff's complaint, and the Supreme Court dismisses the appeal because the question of whether plaintiff could maintain the action has become

moot, and thereafter judgment is rendered in the trial court in plaintiff's favor, from which judgment defendant does not appeal, on plaintiff's appeal from that part of the judgment directing that security filed by defendant in the cause to secure the payment of any judgment plaintiff should recover should be returned to defendant receiver for application as a general asset, the only question presented on the appeal is the correctness of the order disposing of the security filed by defendant, and the question of plaintiff's right to maintain the action is not presented for review.

**2. Judgments O a—Where judgment for plaintiff is allowed to stand, bond filed by defendant should be applied to judgment.**

Where a judgment in plaintiff's favor is allowed to stand and is not appealed from, plaintiff is entitled to have a State bond filed by defendant to prevent receivership and to secure payment of any judgment which plaintiff should recover, applied to his judgment, and an order that the bond should be returned to defendant's receiver, later independently appointed, as a general asset, is erroneous.

APPEAL by plaintiff from *Grady, J.,* at Spring Term, 1933, of PAMLICO. Modified and affirmed.

Prior to 8 August, 1930, the Eastern Bank and Trust Company, a banking corporation organized and doing business under the laws of this State, at Bayboro, in Pamlico County, and elsewhere, had closed its doors, and was about to enter into liquidation. At said date, about 90 per cent of its depositors entered into an agreement with the said Eastern Bank and Trust Company, by which they agreed to postpone until 20 December, 1932, presentation of checks for payment, and the said Bank and Trust Company agreed to open its doors and to resume business. This agreement was approved by the North Carolina Corporation Commission and by the Chief State Bank Examiner. Pursuant to this agreement, the said Eastern Bank and Trust Company opened its doors and resumed business as a banking corporation.

On 8 August, 1930, the plaintiff had on deposit with the Eastern Bank and Trust Company, subject to his check, the sum of $853.77. He was then under the age of twenty-one years. The depositors' agreement was signed by the plaintiff, and also on his behalf by his guardian. The agreement on behalf of the plaintiff was not authorized or approved by the court, which had appointed the guardian of the plaintiff. The plaintiff became of the age of twenty-one years prior to 23 September, 1932. At said date, the plaintiff presented to the Eastern Bank and Trust Company his check for $853.77, and demanded its payment. Payment was refused because plaintiff had signed the depositors' agreement, and thereby agreed not to present his check and demand payment thereof until 20 December, 1932. The plaintiff then notified the said Bank and Trust Company that he repudiated the said agreement on the ground

that he was under the age of twenty-one years when he signed the agreement, and on the further ground that his guardian was without authority to sign the agreement on his behalf. This action was begun by the plaintiff on 23 September, 1932, to recover of said Bank and Trust Company the sum of $853.77.

On 7 November, 1932, the plaintiff moved that a receiver be appointed by the court for the defendant, the Eastern Bank and Trust Company. This motion was heard and denied upon the agreement of the defendant to file a bond in the action conditioned for the payment by the defendant of such judgment as the plaintiff should recover in the action. This bond was filed by the defendant on 9 November, 1932. Thereafter with the approval of the court, the bond was withdrawn and canceled, and the defendant deposited with the clerk of the Superior Court of Pamlico County, a bond of the State of North Carolina in the sum of $1,000, in lieu of said bond. Subsequent to the deposit of said State bond, the Eastern Bank and Trust Company again closed its doors. The said Bank and Trust Company is now in process of liquidation, because of its insolvency, under the supervision of the defendant, Gurney P. Hood, Commissioner of Banks.

The action was called for trial at Spring Term, 1933, of the Superior Court of Pamlico County. On the facts found by the judge, it was ordered and adjudged that plaintiff recover of the defendants the sum of $853.77, with interest from 23 September, 1932, and the costs of the action; it was further ordered that the clerk of the court deliver to the defendant, Gurney P. Hood, Commissioner of Banks, or his liquidating agent, the North Carolina bond, now in his possession, to be held and disposed of as an asset of the Eastern Bank and Trust Company, for the payment of its general creditors. The plaintiff excepted to the judgment and appealed to the Supreme Court.

*W. B. R. Guion, H. P. Whitehurst and John A. Guion for plaintiff.*
*Warren & Warren for defendants.*

CONNOR, J. The defendants' appeal from the order overruling the demurrer to the complaint filed by the defendants in this action, was dismissed by this Court on the ground that the question of law presented by the demurrer had become moot and academic, because under the depositors' agreement which the plaintiff had signed before he became twenty-one years of age, the plaintiff had the right, in any event, to demand payment of his check on the defendant, Eastern Bank and Trust Company after 20 December, 1932. See *McCleese v. Trust Co.,* 204 N. C., 355, 168 S. E., 210. The defendants did not except to or appeal from the judgment at Spring Term, 1933. The right of the

plaintiff to maintain this action, which was begun on 23 September, 1932, is not presented by this appeal.

The only question presented by plaintiff's appeal is whether there was error in the judgment directing the clerk of the court to deliver to the defendants the North Carolina bond in his possession, to be held and disposed of by the defendant, Gurney P. Hood, Commissioner of Banks, as an asset of the defendant, Eastern Bank and Trust Company, for the payment of its general creditors. On the facts found by the judge, the plaintiff has a lien on the bond for the payment of his judgment in this action. It was error to order the bond delivered to the defendants as a general asset of the Eastern Bank and Trust Company. The plaintiff is entitled to an order for the enforcement of his lien on the bond. The judgment should be modified to that end.

Modified and affirmed.