J. W. GROVES, JR., v. EARL McDONALD et al.

(Filed 5 May, 1943.)

**Schools § 21—**

In a civil action by a school principal against the school committee to declare rights under a contract as High School Principal and to enjoin its breach, where plaintiff alleged that, for the school year 1942-43, he gave due, legal notice to the school committee and county superintendent that his contract was still in force and that he accepted it for the coming year, defendants alleging that plaintiff was legally notified of his rejection as principal for 1942-43, and a temporary restraining order was issued, and heard by consent on 22 September, 1942, whereupon the restraining order was dissolved and the action dismissed. *Held:* (1) The dissolution of the restraining order was proper for the action sought to be enjoined is *fait accompli:* (2) The dismissal of the action was error.

APPEAL by plaintiff from *Warlick, J.,* at September Term, 1942, of MOORE.

Civil action to declare rights under contract and to enjoin its breach.

Plaintiff alleges that he was duly elected principal of Pinckney High School (located near Carthage in Moore County) for the school year 1939-40; that his contract was renewed from year to year up to and including the year 1941-42, and that he performed the duties and received the emoluments under said election and contract during the years as stated.

Plaintiff further alleges that within ten days after the closing of the school on 14 May, 1942, he gave due notice to the school committee and the county superintendent of schools, as provided by the school law, that his contract of employment was still subsisting and he accepted the employment as principal of Pinckney School for the coming year.

It is further alleged that in spite of plaintiff's binding contract for the school year 1942-43, the defendants have purported to employ one R. O. Taylor as principal of the school for the year 1942-43.

Plaintiff alleges that he is ready, able and willing to carry out his contract, and he asks for a declaration of his rights and for injunctive relief.

The defendants admit plaintiff's original employment, and allege that he was legally notified of his rejection as principal of Pinckney School for the school year 1942-43. That while notice of his rejection was not sent by registered mail, as required by the school law, nevertheless it was received by the plaintiff and he had full notice of its contents.

A temporary restraining order was issued in the cause, returnable before the judge holding the courts of the district at Rockingham in Richmond County on 7 September, 1942, and by consent continued to be heard at Carthage, Moore County, 22 September, 1942. On the hearing,

the judge found that written notice of plaintiff's rejection was mailed on 9 May, 1942, but that its receipt was denied by the plaintiff.

The temporary restraining order was dissolved and the action dismissed. Plaintiff appeals, assigning errors.

*K. R. Hoyle for plaintiff, appellant.*
*Mosley G. Boyette for defendants, appellees.*

STACY, C. J. If the only question here presented were the vacation of the restraining order, and the correctness of the ruling in not continuing it to the hearing, the appeal would be dismissed *ex mero motu,* *Yates v. Ins. Co.,* 166 N. C., 134, 81 S. E., 1062; *Wallace v. Wilkesboro,* 151 N. C., 614, 66 S. E., 657, as the action of the defendants which the plaintiff seeks to enjoin, is now *fait accompli,* or a fact accomplished, or "water in the mill-tail," as the late *Chief Justice Hoke* would say. *Rousseau v. Bullis,* 201 N. C., 12, 158 S. E., 553.

The order, however, goes farther and dismisses the action. In this, there was error. *Cox v. Kinston,* 217 N. C., 391, 8 S. E. (2d), 252; *Grantham v. Nunn,* 188 N. C., 239, 124 S. E., 309; *Owen v. Board of Education,* 184 N. C., 267, 114 S. E., 390; *Davenport v. Board of Education,* 183 N. C., 570, 112 S. E., 246; *Moore v. Monument Co.,* 166 N. C., 211, 81 S. E., 170; McIntosh Prac. & Proc., 994.

Injunction was only ancillary and not the sole purpose of plaintiff's action. He asks for a declaration of his rights under the facts alleged, and is content to withhold his election of remedies, if any he have, while awaiting such declaration. The dismissal of the action has occasioned the appeal.