NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION v. SANFORD W. BROWN AND N. S. HILDEBRAND, TRUSTEES UNDER THE WILL OF ELEANOR G. HILDEBRAND, DECEASED; R. D. HILDEBRAND, SR., N. S. HILDEBRAND AND ROSE HILDEBRAND BROWN.

(Filed 30 September, 1953.)

**1. Injunctions § 8—**

Where it appears that at the time of the hearing the act sought to be restrained had already been done, plaintiff cannot be prejudiced by the dissolution of the temporary restraining order.

**2. Injunctions § 1b—**

Ordinarily, a preliminary mandatory injunction will not be granted except where the threatened injury is immediate, pressing, irreparable and clearly established.

**3. Same: Highways § 7—Highway Commission held not to have shown preliminary equities necessary to support preliminary mandatory injunction.**

　　The evidence tended to show that defendants, with the permission of the State Highway and Public Works Commission, installed metal culverts in extending concrete culverts under the highway across the highway right of way in preparing their property for use as a filling station, and that authorized agents and employees of the Commission visited the job each day and observed the progress of the work without objection. The Commission sought a preliminary mandatory injunction to compel defendant to remove the metal culverts on the ground that they were of faulty design and not adequate to take care of the drainage needs, and that this resulted in an encroachment on the highway right of way. *Held:* Plaintiff Commission has failed to establish the preliminary equities necessary to the granting of the extraordinary remedy of a preliminary mandatory injunction.

APPEAL by plaintiff from *McLean, Special Judge,* at 18 May Extra Civil Term, 1953, of BUNCOMBE.

Suit by the North Carolina State Highway and Public Works Commission to remove an alleged encroachment upon the right of way of U. S. Highway 70-74 near Asheville.

The land on both sides of the highway at the place in controversy is owned by defendants N. S. Hildebrand, R. D. Hildebrand, Sr., and Rose Hildebrand Brown. They are erecting a service station on the west side of the highway. The station site is in low ground, from 10 to 15 feet below the surface of the paved portion of the highway. Also in this declivity is a strip of the highway right of way about 21 feet wide, lying between the improved portion of the highway and the service station site. The instant controversy involves this 21-foot strip of right of way.

In order to make the service station site usable as such, it was necessary that it and the intervening strip of highway right of way be filled in and brought up to the level of the traveled portion of the highway.

The defendants' task in this respect was complicated by the fact that when the highway was built years ago the waters of a creek, known as Ross' Creek, which drained the adjacent lands, were channeled from the east through a culvert under the roadway so as to empty into the low ground now being filled in and developed. Therefore it was necessary that the defendants arrange to culvert off the waters of the creek beneath the dirt filling.

The culvert under the highway is a concrete triple barrel culvert; each barrel is 7 feet high and 7 feet wide.

The defendants have installed at the outfall end of the old concrete triple barrel culvert three circular metal culverts 7 feet in diameter. One of these circular culverts fits into the outfall end of each of the three barrels of the concrete culvert and extends over the low-ground strip of

right of way and on across part of the defendants' service station lot, underneath their newly made fill, an over-all distance of about 40 feet.

The gravamen of the complaint is that, whereas the plaintiff authorized the defendants to extend the present triple barrel concrete type of construction through and across the area to be filled in, the defendants, in violation of the authorization so granted, and without due permission of the plaintiff, proceeded to install these circular metal drainage pipes; that the installation as made is of faulty design and erection, inadequate to take care of the drainage needs of the highway, will interfere with existing drainage facilities, and amounts to an encroachment on the highway right of way. The plaintiff prays that the defendants (1) be restrained and enjoined from making further installation of the circular metal drainage pipes, and (2) that mandatory injunction issue requiring the defendants to remove the pipes already laid.

The defendants, answering, deny the material allegations of the complaint and aver that the installation complained of was made under the sanction and with the approval of authorized agents and employees of the Highway Commission, and that it provides adequate facilities for the discharge of the waters of Ross' Creek passing under the highway at that point and for the proper drainage of the highway in that area.

The cause was heard below by Judge McLean on plaintiff's motions (1) that the temporary order restraining the defendants from further "erection and installation" of the drainage pipes be continued until the final hearing, and (2) that preliminary order of injunction issue requiring the defendants to remove immediately the pipes already laid.

The court, after hearing the evidence offered by both sides, found facts, made conclusions of law, and entered judgment dissolving the restraining order previously entered and denying the plaintiff the affirmative relief sought by way of mandatory injunction, the pertinent findings and conclusions of the court being in summary as follows: That during the time the pipes were being installed, the plaintiff's duly authorized agents and employees visited the job each day, observed the progress of the work, and made no objection to the mode or character of installation; that this action was brought after the completion of the work now complained of; that the installation so made cost the defendants more than $5,000; that the installation as made does not obstruct or hinder the plaintiff's right of way easement in any manner, and is adequate to take care of the drainage of the highway in that area.

From the judgment so entered the plaintiff appeals, assigning errors.

*R. Brookes Peters and Gudger, Elmore & Martin for plaintiff, appellant.*

*William V. Burrow for defendants, appellees.*

JOHNSON, J. The record discloses, and it was conceded on the argument, that the drainage pipe installation complained of is now *fait accompli,* or a fact accomplished. This being so, there was nothing to support the preliminary order restraining the defendants from "further erection and installation" of the pipes. Hence the plaintiff suffered no harm from the dissolution of the order. *Groves v. McDonald,* 223 N.C. 150, 25 S.E. 2d 387; *Rousseau v. Bullis,* 201 N.C. 12, 158 S.E. 553. See also 43 C.J.S., Injunctions, Sec. 246.

As to the court's refusal to allow the plaintiff's motion for a preliminary order of injunction requiring the defendants to remove the drainage pipes pending trial of the cause, the rule is that ordinarily "such an order will not be made as a preliminary injunction, except where the injury is immediate, pressing, irreparable, and clearly established, . . ." McIntosh, North Carolina Practice and Procedure, Sec. 851, p. 972; *R. R. v. R. R.,* 237 N.C. 88, 74 S.E. 2d 430; *Clinard v. Lambeth,* 234 N.C. 410, 67 S.E. 2d 452. A study of the record leaves the impression that the plaintiff has failed to establish preliminary equities within the purview of this rule. The judgment below is

Affirmed.