77 S.E.2d 780 (1953)
238 N.C. 293
STATE HIGHWAY & PUBLIC WORKS COMMISSION
v.
BROWN et al.
No. 110.
Supreme Court of North Carolina.
September 30, 1953.
*781 R. Brookes Peters, Raleigh, and Gudger, Elmore & Martin, Asheville, for plaintiff appellant.
William V. Burrow, Asheville, for defendants-appellees.
JOHNSON, Justice.
The record discloses and it was conceded on the argument, that the drainage pipe installation complained of is now fait accompli, or a fact accomplished. This being so, there was nothing to support the preliminary order restraining the defendants *782 from "further erection and installation" of the pipes. Hence the plaintiff suffered no harm from the dissolution of the order. Groves v. McDonald, 223 N.C. 150, 25 S.E.2d 387; Rousseau v. Bullis, 201 N.C. 12, 158 S.E. 553. See also 43 C.J.S., Injunctions, § 246.
As to the court's refusal to allow the plaintiff's motion for a preliminary order of injunction requiring the defendants to remove the drainage pipes pending trial of the cause, the rule is that ordinarily "such an order will not be made as a preliminary injunction, except where the injury is immediate, pressing, irreparable, and clearly established, * * *." McIntosh, North Carolina Practice and Procedure, Sec. 851, p. 972; Seaboard Air Line R. Co. v. Atlantic Coast Line R. Co., 237 N.C. 88, 74 S.E.2d 430; Clinard v. Lambeth, 234 N.C. 410, 67 S.E.2d 452. A study of the record leaves the impression that the plaintiff has failed to establish preliminary equities within the purview of this rule. The judgment below is
Affirmed.