HARRY E. JONES v. NASH COUNTY GENERAL HOSPITAL AND ITS OFFICIAL BOARD OF TRUSTEES AND NASH COUNTY AND ITS OFFICIAL BOARD OF COMMISSIONERS.

(Filed 21 February, 1968.)

1. **Hospitals § 2—**

   County commissioners and boards of trustees of the county hospitals authorized by Chapter 131 of the General Statutes are vested with the authority to select suitable hospital sites. G.S. 153-9, G.S. 131-126.18 *et seq.*

2. **Administrative Law § 5—**

   The courts will not interfere with the exercise of discretionary power by a local administrative board except upon a showing of oppressive and manifest abuse of discretion.

3. **Public Officers § 8—**

   There is a presumption that public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law.

4. **Hospitals § 2; Administrative Law § 5—**

   In a suit to restrain the construction of a hospital on a site selected by the commissioners of the county and by the trustees of the hospital, allegations that the defendants unexpectedly chose the site in question and that the location is unsuitable because of its proximity to plaintiff's rock quarry and because of its distance from the center of the county, *are held* insuffi-

cient to state a cause of action, and defendants' demurrer was properly sustained.

APPEAL by plaintiff from *Fountain, J.,* in Chambers at Tarboro, N. C., 30 October 1967. From NASH.

Civil action in which plaintiff seeks injunctive relief.

Plaintiff is a citizen, resident and taxpayer of Nash County and purported to institute this action for himself and on behalf of others similarly aggrieved who desire to join as parties-plaintiff and adopt his complaint.

The Board of Commissioners for Nash County has taken the necessary action to establish a county hospital under the name of Nash General Hospital and has appointed a Board of Trustees for the hospital. The two Boards are the defendants in this action.

The County Board and the Hospital Board, after considering several sites, decided to locate the new hospital on a 102-acre tract of land located about 1.7 miles west of the city limits of Rocky Mount, in Nash County. They publicly announced this decision on 2 October 1967 and proceeded to complete the purchase of the site on 5 October 1967.

Plaintiff owns a tract of land used as a rock quarry adjacent to and across Stoney Creek from the 102-acre site. He brings this action asking that the defendants be enjoined from constructing a hospital on said site. He contends (1) that the defendants unexpectedly selected the site in question, (2) that said site is not suited for a hospital because of its proximity to plaintiff's rock quarry, and (3) that said site is not suitable because it is not near the center of Nash County.

Defendants filed a demurrer to the complaint and from the judgment of Judge Fountain sustaining the demurrer, plaintiff appealed to this Court.

*Parker & Dickens for plaintiff appellant.*

*Keel & Keel, Valentine & Valentine, Battle, Winslow, Scott & Wiley and Thomas L. Young for defendant appellees.*

BRITT, J. Authority and responsibility for the selection of sites for county hospitals authorized under Chapter 131 of the General Statutes are vested in the county commissioners and the official board of the hospital. G.S. § 153-9; G.S. § 131-126.18, *et seq.*

The courts may not interfere with the exercise of the discretionary powers of local administrative boards for the public welfare "unless their action is so clearly unreasonable as to amount to an op-

pressive and manifest abuse of their discretion." Barnhill, J., (later C.J.) speaking for our Supreme Court in *Mullen v. Louisburg*, 225 N.C. 53, 33 S.E. 2d 484. This well-established principle has been restated in numerous decisions including *Kistler v. Board of Education*, 233 N.C. 400, 64 S.E. 2d 403; *Reed v. Highway Commission*, 209 N.C. 648, 184 S.E. 513; *McInnish v. Board of Education*, 187 N.C. 494, 122 S.E. 182; and *Lee v. Waynesville*, 184 N.C. 565, 115 S.E. 51.

There is a presumption that public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law. *Housing Authority v. Wooten*, 257 N.C. 358, 126 S.E. 2d 101; *In Re Housing Authority of the City of Charlotte*, 233 N.C. 649, 65 S.E. 2d 761.

As a general rule the acts of a municipal corporation, which are within its powers, are not subject to judicial review unless there is a manifest and palpable abuse of power. 62 C.J.S. § 199. In *McInnish v. Board of Education, supra*, it is said: "In our jurisprudence the principle is established that in the absence of gross abuse the courts will not undertake to direct or control the discretion conferred by law upon a public officer." Citing *"School Com. v. Bd. of Ed.*, 186 N.C. 643; *Davenport v. Bd. of Ed.*, 183 N.C. 570; *Newton v. School Com.*, 158 N.C. 187; *Jeffress v. Greenville*, 154 N.C. 492, 500."

The defendants were not compelled by law to invite the public to attend their meeting at which the site was selected. *Kistler v. Board of Education, supra*.

Confronted with these well-established principles of law, long recognized in this jurisdiction, the complaint fails to meet the test and does not allege sufficient facts to state a cause of action.

The cases cited and heavily relied upon by plaintiff in his brief are clearly distinguishable from the facts in the case at bar.

The judgment of the Superior Court sustaining the demurrer is Affirmed.

MALLARD, C.J., and BROCK, J., concur.