**Camp v. Medical Center of Beaver County, Inc.**

*George Baldwin, Jr.,* for plaintiffs.
*Wayne S. Luce,* for defendant.

REED, *J.*, April 30, 1976—This case is before the court on preliminary objections filed by defendant, contending, inter alia, that the complaint filed on behalf of plaintiffs fails to state a cause of action. It should be noted at the outset that the merits of this controversy are not now before the court for disposition.

In the complaint, plaintiffs demand that the court order the board of directors of defendant hospital to cease construction of a new hospital in Brighton Township and require that any construction of new or additional hospital facilities be in the "immediate areas" of the locations of the present hospitals. In addition, they seek to have the court arrange for the appointment of additional members to the board of directors of defendant.

The initial question before the court is whether the complaint alleges facts which would entitle plaintiff to the equitable relief requested; or to any equitable relief. We have concluded that it does not.

In paragraph 31 of the complaint, it is alleged that the board of directors of defendant hospital committed a gross abuse of discretion by deciding to construct a new hospital in Brighton Township. The same paragraph states that this decision is an abuse of discretion because it conflicts with public opinion. There are no other acts committed by the board of directors of defendant which plaintiffs allege constitute abuse of discretion. The allegations about public opinion are not factual averments and no other facts are set forth in support of the charge

of abuse of discretion. There are no facts alleged in this complaint which, if proven, would establish that the site selected by defendant board of directors is not an appropriate site for the construction of a new hospital. Moreover, there are no facts alleged in this complaint from which it could be concluded that the decision to construct a new hospital is an abuse of discretion. Any complaint requires the averment of facts to support the claim. In the complaint in this case, almost all of the allegations are conclusions and not facts. For these reasons, the court has concluded that plaintiffs have failed to allege sufficient facts which would entitle plaintiffs to the equitable relief sought in regard to the location of defendant hospital.

Although there are no cases directly on point, there are some cases which are helpful in disposing of the issues in this case. In Ladd v. Reynolds, 2 D. & C. 2d 78 (1954), an attempt was made to enjoin the building of a proposed State mental hospital by the General State Authority. An equity action was brought by taxpayers which was dismissed by the court. The court in that case held that there was no allegation of abuse of discretion and no other reason alleged justified equitable relief. This same principle was followed in Jones v. Nash County General Hospital, 1 N.C. Appellate 33, 159 S.E. 2d 252 (1968), wherein plaintiff sought to enjoin the construction of a county hospital on the basis that the site selected was not suitable for construction for a number of reasons. In that case, a demurrer was sustained to the suit in equity stating that sufficient facts were not alleged to show an abuse of discretion by the board of directors of the hospital, and, therefore, the allegations were not sufficient to state a cause of action.

In the case at bar, *no reasons or facts* have been alleged as to the unsuitability of the proposed site. The only reason set forth in the complaint for the requested relief is that plaintiffs disagree with the decision to build one hospital and with the choice of sites. Obviously, this, without more, is not grounds for relief.

Plaintiffs have also requested that the court grant equitable relief which would restructure or arrange for placing additional members on the board of directors of the Medical Center of Beaver County. Again, there are no facts alleged in the complaint which could be the basis for granting such relief. There is no question that defendant is a nonprofit corporation organized under the statutes of the Commonwealth of Pennsylvania. This is an undisputed fact which is alleged in the complaint. As a nonprofit corporation, defendant is governed by the Nonprofit Corporation Law of the Commonwealth of Pennsylvania, Act of May 5, 1933, P.L. 289, as amended, 15 P.S. §7301 et seq. The Nonprofit Corporation Law controls all aspects of the operation of nonprofit corporations including the management of a nonprofit corporation, the membership of the corporation and the conduct and qualifications of the board of directors. Specifically, this statute controls the election and removal of directors.

In the subchapter of the nonprofit corporation law dealing with directors, there are a number of sections which are pertinent to this case.

In section 7721, 15 P.S. §7721, it is provided:

"Unless otherwise provided in a bylaw adopted by the members, the business and affairs of every nonprofit corporation shall be managed by a board of directors. . . ."

Section 7722, 15 P.S. §7722, deals with the qualifications of directors as follows:

"Each director shall be a natural person of full age who, unless otherwise restricted in the bylaws, need not be a resident of this Commonwealth or a member of the corporation. Except as otherwise provided in this section, the qualifications of directors may be prescribed in the bylaws."

Section 7723, 15 P.S. §7723, and section 7724, 15 P.S. §7724, set forth the number of directors and their terms of office as follows:

"§7723
"The board shall consist of one or more members. Except as otherwise provided in this section, the number of directors shall be fixed by, or in the manner provided in, the bylaws; or if not so fixed the number of directors shall be the same as that stated in the articles or three if no number is so stated.
"§7724
"Each director shall hold office until the expiration of the term for which he was selected and until his successor has been selected and qualified or until his earlier death, resignation or removal. Directors, other than those selected by virtue of their office or former office in the corporation or in any other entity or organization, shall be selected for the term of office provided in the bylaws. In the absence of a provision fixing the term, it shall be one year."

Section 7725(a), 15 P.S. §7725, provides that the directors shall be elected by the *members* of the corporation. In the event of vacancies, this section provides:

"(c) Vacancies. Except as otherwise provided in the bylaws, vacancies in the board of directors, in-

cluding vacancies resulting from an increase in the number of directors, shall be filled by a majority of the remaining members of the board though less than a quorum, and each person so elected shall be a director to serve for the balance of the unexpired term unless otherwise restricted in the bylaws."

It should also be noted that there is a lengthy section of this statute which governs membership in a nonprofit corporation. The ultimate control of a nonprofit corporation and of the board of directors of that corporation obviously resides with the membership. Section 7751 provides:

"Membership in a nonprofit corporation shall be of such classes, and shall be governed by such rules of admission, retention, suspension and expulsion, as bylaws adopted by the members shall prescribe, except that all such rules shall be reasonable, germane to the purpose or purposes of the corporation, and equally enforced as to all members of the same class. Unless otherwise provided by a bylaw adopted by the members, there shall be one class of members whose voting and other rights and interests shall be equal."

If, as the complaint indicates, the vast majority of persons served by these hospitals object to the decisions of the board of directors, it would appear that the solution to that problem would be for those persons to become members of the corporation, thereby entitling themselves to participate in the election of directors. The complaint indicates no impropriety with respect to the corporate bylaws or to the manner in which the membership of the board of directors was selected.

It is obvious from the sections cited and from the other portions of the nonprofit corporation law that

the decisions of a nonprofit corporation are to be made by the board of directors of that corporation. It is also clear that the members of the board of directors are to be selected by the members of the corporation. There is no allegation in the complaint that any of the sections applicable to these requirements have been violated, nor that the directors of defendant are not qualified or were not properly selected to serve.

For these reasons, it is clear that no facts have been alleged which would entitle plaintiffs equitable relief increasing or changing the size or composition of the board of directors of defendant.

As we indicated at the beginning of this opinion, this matter is before the court on preliminary objections and the court is not at this time making any decision on the merits of this controversy. It is obvious that there is concern about the possible effects of the decision of the board of directors of the Medical Center of Beaver County to construct a new hospital in Brighton Township. We are certain that plaintiffs are sincere in contending that the action by the board of directors will be prejudicial to the welfare of the communities served by the three existing hospitals. This allegation is, however, an opinion and conclusion and not a factual allegation. Furthermore, there are no factual allegations in any of the paragraphs of the complaint which would support a finding that the public welfare will be affected by defendant's conduct. All of the allegations are conclusory in nature and cannot be the basis for granting equitable relief.

For all of these reasons, we have determined that plaintiffs have failed to state a cause of action, and the complaint must, therefore, be dismissed.

We have pending before us at the present time a petition by certain parties to intervene in this action

as plaintiffs. In view of our disposition of the case, that matter is now moot and the petition will, therefore, be dismissed.

Having reached this conclusion, we need not pass upon the remaining preliminary objections. We, therefore, make the following

## ORDER

Now, April 30, 1976, defendant's preliminary objections numbers VI and VII are sustained. The complaint is hereby dismissed.