ALAMANCE COUNTY, H. LARRY SCOTT AND RUBY WRIGHT v. N.C. DE-
PARTMENT OF HUMAN RESOURCES, HARVEY J. HYATT, REX
PARAMORE, HELEN B. FLOYD, DORIS DEES, MOZELLE STOUT,
JAMES C. SPENCER, JAMES F. RICHARDSON, HELEN R. MARVIN,
CEDRIC S. RODNEY, BETSY H. JOHNSON, MARGUERITE WHITFIELD,
SOCIAL SERVICES COMMISSION, SARAH T. MORROW

No. 8115SC1050

(Filed 7 September 1982)

**Administrative Law § 3; Social Security and Public Welfare § 1— public assist-
ance funds—equalizing formula—discretion of Social Services Commis-
sion—failure to state claim for relief**

Plaintiffs failed to state a claim for relief in an action involving an
"equalizing formula" adopted by the Social Services Commission pursuant to
G.S. 108A-92 for distribution of reserved public assistance funds to counties ac-
cording to their needs where their complaint contained no allegations sufficient
to establish the "fraud, manifest abuse of discretion or conduct in excess of
lawful authority" which is requisite to intervention by the courts in the Com-
mission's exercise of its statutorily authorized discretion.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 21 May 1981 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 7 May 1982.

Defendants, pursuant to statutory authority, adopted an "equalizing formula" for distribution of reserved public assistance funds to counties according to their needs. Plaintiffs by this action challenged, on several grounds, the formula which defendants adopted.

From a judgment denying a preliminary injunction and dismissing the action for failure to state a claim upon which relief can be granted, plaintiffs appeal.

*Dow M. Spaulding for plaintiff appellants.*

*Attorney General Edmisten, by Assistant Attorney General Henry T. Rosser, for defendant appellees.*

WHICHARD, Judge.

G.S. 108A-92 (Cum. Supp. 1981) (formerly G.S. 108-58) provides, with respect to the funds in question: "The amount reserved shall be distributed among the counties according to their needs under a formula approved by the Social Services Commission so as to produce a fair and just distribution." Plaintiffs seek (1) an order enjoining distribution of funds under the formula adopted pursuant to the foregoing statute, (2) court supervision of the development of a new formula, (3) award to them of funds to which they claim entitlement, and (4) an order requiring defendant Department of Human Resources to consult with representatives of the counties in establishing a new formula.

The foregoing statute vests in the Social Services Commission discretionary authority to approve an equalization formula designed to distribute the funds among the counties according to their needs in a fair and just manner. "When discretionary authority is vested in [a] commission, the court has no power to substitute its discretion for that of the commission; and, in the absence of fraud, manifest abuse of discretion or conduct in excess of lawful authority, the court has no power to intervene." *Pharr v. Garibaldi,* 252 N.C. 803, 811-12, 115 S.E. 2d 18, 24-25 (1960). *Accord, Utilities Commission v. Ray,* 236 N.C. 692, 696, 73 S.E. 2d 870, 874 (1953); *Jones v. Hospital,* 1 N.C. App. 33, 34-35,

159 S.E. 2d 252, 253 (1968). Absent, then, a showing of fraud, manifest abuse of discretion, or conduct in excess of lawful authority, plaintiffs seek relief beyond the power of the court to grant.

A mere assertion of a grievance is insufficient to state a claim upon which relief can be granted. Some degree of factual particularity is required. The statement of a claim for relief must "satisfy the requirements of the substantive law which give rise to the pleadings." *Sutton v. Duke*, 277 N.C. 94, 105, 176 S.E. 2d 161, 167 (1970). *See also Morrow v. Kings Department Stores*, 57 N.C. App. 13, 17, 290 S.E. 2d 732, 735, *disc. review denied*, 306 N.C. 385, 294 S.E. 2d 210 (1982). A complaint, to state a claim for relief, must refer to "the transactions, occurrences, or series of transactions or occurrences, intended to be proved." G.S. 1A-1, Rule 8(a)(1). *See Manning v. Manning*, 20 N.C. App. 149, 154-55, 201 S.E. 2d 46, 50 (1973).

Plaintiffs' complaint here contains no allegations sufficient to establish the "fraud, manifest abuse of discretion or conduct in excess of lawful authority" which is requisite to intervention by the courts in the Commission's exercise of its statutorily authorized discretion. *Pharr, supra.* It states merely conclusory allegations of grievances and offers no indication of the existence of facts which, if proven, would permit a finding of fraud, manifest abuse of discretion, or unlawful conduct. It thus "appears to a certainty that plaintiff[s] [are] entitled to no relief under any state of facts which could be proved in support of the claim," *Sutton, supra*, 277 N.C. at 103, 176 S.E. 2d at 166 (emphasis omitted); and dismissal for failure to state a claim upon which relief can be granted was therefore proper.

Affirmed.

Judges WEBB and WELLS concur.